THE SOUTH CAROLINA RAILROAD COMPANY *vs*. THE PEOPLES' SAVING INSTITUTION.

THE SAME *vs*. WILLIAMS *et al*.

FISHER, receiver, *vs*. THE PEOPLES' SAVING INSTITUTION.

THE SAME *vs*. WILLIAMS *et al*.

1. That a foreign railroad company was allowed by special act of the legislature to contract with a municipal corporation on the Georgia line and extend its road into that city, and by the same act was made liable to suits in the proper courts in this state, did not change its charter as a foreign corporation so as to prevent an attachment against it. The remedy provided by the act was merely cumulative.

2. The mere pendency of a bill to foreclose a mortgage on a railroad, and for the appointment of a receiver in the United States circuit court of South Carolina, could not affect the operation of the attachment laws of this state, although some of the plaintiffs in attachment were parties defendants before any levy was made, and the others were made so afterwards, the bill not being a general creditors' bill, but a bill to foreclose a mortgage, and no receiver having been appointed prior to the levies.

3. The fact that an attachment has been levied on that part of a foreign railroad which extends into this state and its appurtenant property here, does not, without more, render the levy illegal.

4. Where attachments have been levied on the property of a foreign corporation in this state, and afterwards a receiver is appointed for the corporation in its own state, before he can plead to or defend the attachment suits, he must apply to the courts where they are pending and be made a party.

5. Where, after the levy of attachments on the property of a foreign corporation in this state, a receiver is appointed in its own state, and takes possession of all the property, including that levied on, subject to the disposition of the attachments, it is not a proper mode of disposing of them for the receiver to petition the court where they are pending to order the property levied on to be turned over to him.

Corporations. Railroads. Attachment. Jurisdiction. Laws. Levy and sale. Receivers. Parties. Practice in the Superior Court. Before Judge SNEAD. Richmond Superior Court. April Term, 1879.

Reported in the decision.

BARNES & CUMMING, for plaintiffs in error.

FRANK H. MILLER, for defendants.

WARNER, Chief Justice.

The above stated cases were argued together here upon the following abstract of facts as contained in the record thereof:

The Peoples' Saving Institution, a corporation created under the laws of the state of South Carolina, and doing business in the city of Charleston, on the 9th day of July, 1878, levied an attachment against the South Carolina Railroad Company, as a non-resident corporation, returnable to October term, 1878, of the superior court of Richmond county, on two lots of land, situate in said county, on the track with right to use horse power thereon, extending from lot first levied on through Washington street, Augusta, to the Georgia Railroad track, as granted under certain contracts with the city council of Augusta, and others, dated August 10, 1852, July 31, 1857, and June —, 1869, notice of the levy being served July 10, 1878, on F. K. Huger, in possession of property as agent of defendant, at the office of defendant, and under said attachment caused process of garnishment to be served July 9, 1878, on the Georgia Railroad and Banking Company, and on the Charlotte, Columbia and Augusta Railroad Company, and on July 10th on F. K. Huger, individually, and as agent at Augusta of the South Carolina Railroad Company, on July 16th on the Southern Express Company, and July 17, 1878, upon Wellington Stevenson. On the 21st of October it filed its declaration on said attachment, alleging, among other things, that said South Carolina Railroad Company was indebted to plaintiff $6,485.94, with interest from June 14, 1878, on a judgment obtained in the court of common pleas of the county of Charleston, South Carolina. The above men-

tioned contracts are fully set forth in the bills of exceptions.

The Georgia Railroad Company and the Charlotte, Columbia and Augusta Railroad Company answered, denying any indebtedness. Their answers were traversed and exception taken to the latter. F. K. Huger answered, denying any indebtedness individually, and as agent stating disposition of effects in accordance with the orders of his superior officers. To this answer plaintiff filed a traverse and exceptions. The Southern Express Company answered, admitting an indebtedness of $1,108.72, and Wellington Stevenson an indebtedness of $30.00.

On the 25th of July, 1878, George W. Williams and others, all residents of Charleston, South Carolina, levied an attachment against the South Carolina Railroad Company, returnable to October term, 1878, of the superior court of Richmond county, upon the same property mentioned as the subject matter of levy in the first attachment; also on the bridge across the Savannah river, with the abutments, piers and privileges thereof. Notice of this levy was served upon Frank K. Huger, in possession of the property as agent of defendant, at the office of the defendant, July 25, 1878. On the 21st of October, 1878, they filed their declaration on said attachment, alleging, among other things, an indebtedness to plaintiffs of $43,065.21, besides interest.

An order was taken during the term allowing defendant further time to file pleas to both of the aforementioned cases, which, in pursuance of the order, were filed on the 28th of February, 1879, being sworn to by John H. Fisher, receiver of the South Carolina Railroad Company.

The material facts as set forth in the pleas are, that Cyrus Gatewood *et al.* filed on the 5th day of July, 1878, a bill in the United States circuit court for the district of South Carolina against the South Carolina Railroad Company, and other defendants, among whom were the plaintiffs in the second above named attachments; for the foreclosure of a

mortgage, usually known as the second mortgage of the South Carolina Railroad Company, and the appointment of a receiver. On the same day the court issued its order, which was served on the same day on the South Carolina Railroad Company and the plaintiffs named in the second of the foregoing mentioned attachments, enjoining the delivery of any property of said company, save to a receiver to be appointed by the court. On the 26th of July, 1878, the complainants in said bill amended the same, making the Peoples' Saving Institution a party defendant to said bill, and on said 26th of July the said Institution was served with a copy of same, and said Institution has since appeared and answered. On the 19th of September, 1878, the said United States circuit court for the district of South Carolina, appointed John H. Fisher receiver, with directions to defend all existing actions against the South Carolina Railroad Company, and all that might thereafter be brought against the company or himself.

The order appointed him receiver of the entire property embraced in the trust deed (the mortgage) set forth in complainants' bill, and this embraced all the property described in the levies of the attachments, and also of all the earnings and income of or from said property, whether the same may have accrued before or since the 5th day of July, 1878.

On the 31st of July, 1878, the complainants in said bill filed their auxiliary bill in the United States circuit court for the southern district of Georgia, and on the 10th day of December, 1878, the said circuit court for the southern district of Georgia passed an order appointing the said John H. Fisher receiver of all property embraced in the trust deed (a mortgage) mentioned in complainants' bill, as is in the state of Georgia, and of all the earnings or income of or from said property, whether the same may have accrued before or since the 5th day of July, 1878, and with all the powers, privileges, rights, liabilities and duties imposed upon said receiver by the circuit court of the United States for the district of South Carolina.

It is declared to be the intent and meaning of this order to confirm and adopt the order of the appointment of the United States court for the district of South Carolina, so f ir as the circuit court for Georgia has jurisdiction in the premises.

The receiver is also directed to make a report of his actings and doings under the Georgia confirmatory order to the United States court for South Carolina.

The mortgage for the foreclosure of which the bill was filed, was a second mortgage of the South Carolina Railroad Company, dated 1st day of October, 1872. It conveyed to the trustees therein named the entire property of said company, whether in Georgia or South Carolina, for the purpose of securing the mortgage bondholders, subject to the lien of the first mortgage of said company, bearing date the first day of July, 1868. These appear as set forth in the amended bill, made a part of the bills of exceptions in these cases. All of the bonds provided for by said mortgages or deeds of trust have been issued and are now outstanding.

The attachment of the Peoples' Savings Institution was based on a judgment obtained by said Institution in the court of common pleas for the county of Charleston and state of South Carolina, on the 14th day of June, 1878, (see declaration in attachment) for $6,485.94. This judgment was a balance due on a note dated October 6, 1877, (long subsequent to the execution of the second mortgage) payable January 7, 1878, for $14,000. Said note was secured by a pledge of 56 second mortgage bonds, each bearing plainly printed on its face and indorsed on its back, "second mortgage bonds of the South Carolina Railroad Company." They were received as security for said note, with full knowledge that they were bonds secured by a second mortgage of its property. At maturity of note, said bonds so pledged were sold, and were accounted for to defendant in a statement of the sale as second mortgage bonds. The suit in which the judgment was rendered was for the bal-

ance of said note, after crediting proceeds of the sale of said bonds.

The attachment in the case of George W. Williams *et al.* was based on an alleged indebtedness of defendant to plaintiffs for $43,065.21, evidenced by certain promissory notes— one dated May 12, 1877, due January 1, 1878, for $20,000 ; a second dated October 9, 1877, and payable on demand, for $19,000, and a third dated February 13, 1878, payable on demand, for $9,000. A second count of said declaration is based on an account composed of three items, dated, respectively, October 9, 1877, January 11, 1878, and February 13, 1878. This indebtedness was contracted long subsequent to the execution of either of the mortgages. The first of said notes recites that there is deposited with the holder as collateral security nine of the sterling bonds of said company (being the first mortgage bonds) and twenty-two of the second mortgage bonds. The second recites a like deposit of thirteen first mortgage bonds and sixty-two second mortgage bonds. The third, a like deposit of sixty-six second mortgage bonds. They thus acquired actual knowledge of the first and second mortgages at the time of the creation of their debt.

The plaintiffs in both cases are all residents of South Carolina. The Peoples' Savings Institution was made a party defendant to the bill early after the levy of its attachment. George W. Williams and his co-plaintiffs were parties defendant before the levy of their attachment.

In the case of George W. Williams *et al.*, all the plaintiffs named were members of the board of directors of the South Carolina Railroad Company at the time of the execution of both of the mortgages, and one of said plaintiffs, Henry Gourdin, was one of the trustees named in the first mortgage, and they all voted for the resolution directing the creation of said mortgages, and under and by virtue of which said mortgages were created and executed.

Said mortgages were properly recorded in the state of South Carolina, but had not been properly placed on the

records in the county of Richmond, and state of Georgia, at the time said attachments were levied.   They had been entered in the book of records but had been probated before a notary public of South Carolina, and had not been probated before any duly authorized officer of the state of Georgia.   Such record, it is admitted, was defective.

It is admitted that since the date of the levy of the attachments, said mortgages have been properly probated before a Georgia commissioner, resident in South Carolina, and properly entered of record.

The pleas based on these facts were first to the jurisdiction of the court in both cases.   The second plea in the case of the Peoples' Saving Institution concluded with a prayer, that inasmuch as said Institution had positive knowledge of the mortgages, any lien obtained by the attachment, or the judgment rendered thereon, should be postponed to said mortgages.   In the case of George W. Williams and others, there were five pleas besides the plea to the jurisdiction, the first, praying that inasmuch as collaterals in the hands of plaintiffs are not exhausted, suit should be dismissed ; the second, that an account should be taken of the value of these collaterals, and judgment allowed only for excess of the amount of the claim over and above such value; third, that inasmuch as plaintiffs had actual knowledge of the mortgages, the lien of their judgment should be made posterior to the mortgage liens ; the fourth alleges that it was duty of plaintiffs, as directors of the South Carolina Railroad Company, to see to proper probate and record of the mortgages, that their failure to do so was a breach of duty on their part, and that as a consequence any lien which they might acquire should be posterior to the lien of the mortgages ; and fifth, that inasmuch as said plaintiffs participated as directors in the execution of said mortgages, the lien of the mortgages should be made superior to any lien either under said attachment, or any judgment based thereon.   All the pleas were sworn to by John H. Fisher, receiver of South Carolina Railroad Company,

on March 4, 1879.    To these pleas plaintiffs in both cases filed a demurrer, accompanied with a motion to dismiss the same, and at the same time served defendant with notice to produce, on the hearing, a copy of each and every legal or equitable proceeding set forth in the pleas and of the deeds of mortgage referred to therein, with probates thereof in South Carolina and Georgia.

The grounds of demurrer were :

First. That the pleas were not properly verified.

Second. That they set forth no legal defense to plaintiffs' action.

Third. That the defendant, as a foreign corporation, cannot, as to liabilities incurred in South Carolina, be sued in *personam* in Georgia, and the proceedings in Georgia by attachment cannot be set aside or affected by any proceedings against the corporation in South Carolina.

Fourth. That the proceedings in the United States courts in South Carolina and Georgia were void as to proceedings in the state courts of Georgia, especially when the attachment in the first case was levied before the party plaintiff therein was made a party defendant in the proceedings in the United States courts.

Fifth. Because the levy of the attachment gives jurisdiction at its date, not the date of the suit or the appointment of a receiver.

Sixth. Because the comity of this state recognizes no rule of pleading, which it would violate the statute law of Georgia to enforce.

On Saturday, the 12th of April, argument was had thereon. In compliance with the notice there was produced at the hearing, and the same were referred to in argument, and are now embraced in the bills of exceptions, the mortgages of the South Carolina Railroad Company referred to in the pleas ; a certified copy of the order of the circuit court of the United States for South Carolina, passed September 19th, 1878, appointing John H. Fisher, Esq., receiver of the entire property embraced in the

second of said mortgages; copy of an order of Judge Woods, of the fifth circuit court of the United States for the southern district of Georgia, in a bill auxiliary to the bill in which the preceding order was passed; a copy of an order by Judge Erskine, December 9th, 1878, and a further order of Judge Woods, December 10th, 1878; also the contracts between the South Carolina Railroad Company and the City Council of Augusta, dated August 10th, 1852, July 13th, 1857, and June —, 1869, referred to in the levies of the attachments, made a part of the brief of evidence, and embraced in the bills of exceptions. The statutes of Georgia and South Carolina relative to said South Carolina Railroad were also, by consent, made a part of the record in said case, having been referred to by counsel in the course of argument. Both sides announced that they would file with the court written briefs of argument. The counsel for defendant filed with their brief a motion, of which due notice was given to counsel for plaintiffs, to dismiss said attachments on the ground that an attachment would not lie against the South Carolina Railroad Company, said company having been made expressly suable in the county of the state in which its road terminates, by section vii of the act of the legislature of Georgia of February 18th, 1854, to charter the Charleston and Savannah Railroad.

As thus presented, the cases were submitted to the court, and afterwards, to-wit: the 21st of April, 1879, being the first day of the April term, 1879, the demurrer was sustained and the pleas were ordered stricken, and the court held that the receiver was acting *ultra vires*, and was not properly in court.

On the 24th of April, 1879, and during said term of the court, John H. Fisher, receiver of the South Carolina Railroad Company, presented a petition to the superior court of said county, in both of said cases, praying, while protesting that the seizure by the sheriff under the aforesaid attachments was illegal, that his possession should be removed, and that he, the petitioner, should have the same possession,

## SEPTEMBER TERM, 1879. 27

The South Carolin⟨ Railroad Co. *vs.* The Peoples' Saving Institution, etc.

actual and constructive, which the South Carolina Railroad Company had before the levy of the said attachments, which petition was refused by his honor, Judge Snead, on the 25th of April, 1879.

On the same day Judge Snead awarded judgment in both cases, to be enforced by execution against the lots of land levied on under the attachments, also on the track with right to use horse power thereon, extending through Washington street to the Georgia Railroad track, as granted under the contracts with the city council of Augusta; also, against all the rights and privileges that properly appertain to the South Carolina Railroad, as an instrument of transportation, as well as the right of way and superstructure, and all other rights which passed to the South Carolina Railroad under contracts with the city council of Augusta, and others, as far as described in the levy of attachments.

It was provided in the case of the Peoples' Saving Institution, but which was omitted in the case of George W. Williams *et al.*, that said judgment was to be enforced against the money and choses in action in the hands of the Southern Express Company and Wellington Stevenson, garnishees, and also against whatever may be hereafter found in the hands of other garnishees. The judgment in the case of George W. Williams *et al.*, also provided that it should be enforced by execution on the bridge across the Savannah river, with the abutments, piers and privileges thereof.

The exceptions are that the court erred in the case of the Peoples' Saving Institution:

First. In not dismissing the attachment under section 7 of the act of the legislature, February 18th, 1854.

Second. In sustaining the demurrer.

Third. In striking the pleas of defendant.

Fourth. In holding that the receiver was acting *ultra vires*.

Fifth. In striking the plea to the jurisdiction of the court.

28 SUPREME COURT OF GEORGIA.

The South Carolina Railroad Co. *vs.* The Peoples' Saving Institution, etc.

Sixth. In striking the second plea.

Seventh. In striking the plea praying that the verdict and judgment should be so moulded that the lien should be posterior to the mortgage lien.

Eighth. In refusing petition of John H. Fisher, receiver, for possession of attached property.

Ninth. In passing the order refusing such possession.

Tenth. In rendering the judgment on said attachment.

Eleventh. In rendering judgment to be enforced against the property levied on under the attachment.

Twelfth. In rendering judgment to be enforced by execution on the track and right to use horse power extending through Washington street, Augusta, said right not being subject to levy and sale under attachment.

Thirteenth. In rendering judgment against all the rights and privileges that properly appertain to the South Carolina Railroad as an instrument of transportation, as well as the right of way and superstructure, and all other rights which passed to said road under contracts with the city council of Augusta, as described in the levy of the attachment.

Fourteenth. In rendering judgment to be enforced against all the rights and privileges that properly appertain to the South Carolina Railroad as an instrument of transportation, as well as the right of way and superstructure, said rights and privileges not being subject to levy and sale under attachment.

Fifteenth. In rendering judgment to be enforced against the preceding and all other rights which passed to the South Carolina Railroad under contracts with the city council of Augusta, as far as described in the levy of attachment, such other rights not being subject to levy and sale under attachment.

Sixteenth. In not making the lien of said judgment posterior to the lien of the mortgages.

Seventeenth. In providing in said judgment for enforcing same against money and choses in action in the hands of the Southern Express Company and W. Stevenson, garnishees.

Eighteenth. In providing in said judgment for enforcing same against any effects thereafter to be found in the hands of other garnishees.

Nineteenth. In providing in said judgment for enforcing same against money or property thereafter found in the hands of F. K. Huger, individually.

Twentieth. In providing for enforcing same against same thereafter found in his hands as agent, in Georgia, of defendant.

Twenty-first. In passing order requiring Southern Express Company, as garnishee, to pay to plaintiff on said judgment the sum of $1,108.72.

In the case of George W. Williams *et al.*, the exceptions are the same as in the case of the Peoples' Saving Institution, saving the 7th, 8th, 10th and 12th, which complain of error in striking the 4th, 5th and 6th pleas of defendant; and the 9th, 11th and 13th, which complain of the court in not providing, in rendition of judgment, that the lien of attachment and judgment thereon should be posterior to the mortgage lien, on the grounds set forth in the 4th, 5th and 6th pleas respectively. The 22d exception assigns as error rendering judgment to be enforced against the bridge across the Savannah river, with the abutments, piers and privileges thereof, and the 23d complains of the same judgment on same ground, and on the further ground that said privileges are not subject to levy and sale under attachment.

Besides the foregoing bills of exceptions, John H. Fisher, as receiver of the South Carolina Railroad Company, filed two bills of exceptions, one in the case of the Peoples' Saving Institution and one in the case of George W. Williams *et al.* They both complain of the decision of the judge of the superior court in refusing his petition for possession of the road, and in passing the order denying him such possession.

The exceptions taken to the rulings of the court below are attenuated and specific, but may be embraced in the following objections as insisted on here by the plaintiffs in.

error as the main controlling questions made by the record : First, that the remedy by attachment could not be sustained in this state because the defendant could have been sued here by the ordinary process of law. Second, that the courts of this state had no jurisdiction to order the seizure of defendant's property in this state by attachment after the filing of the bill in equity against it in the United States circuit court of South Carolina, as set forth in the record. Third, that the levy of the attachments upon the defendant's property in this state was illegal, the same being only a part of its entire railroad. Fourth, that Fisher, the receiver of the United States circuit court should have been allowed to have defended the attachment suits by filing the several pleas set forth in the record. Fifth, that the court should have granted the petition of Fisher, the receiver, to take possession of the property of the defendant in this state levied on by the attachments.

1. As to the first ground of complaint, the South Carolina Railroad Company is a foreign corporation, and its residence is in that state, and by the laws of this state, attachments may be issued when the debtor resides out of the state, and against foreign corporations. Code, §§3264, 3281. By the 7th section of the act of 1854, the South Carolina Railroad Company, by an arrangement with the city council of Augusta, was allowed to extend its road into said city, and was made liable to be sued by persons having claims against it in the proper courts of the counties and cities of this state, but that did not make it any the less a foreign corporation, and liable to be proceeded against by attachment, as provideed by the general laws of the state—the provision that it might be sued in the courts of this state was merely a cumulative remedy for the better protection of our own people, but did not alter or repeal the general attachment laws of the state, nor any part thereof.

2. As to the second ground of complaint, the bill in equity filed in the circuit court of the United States in South Carolina, was not a general creditors' bill, but a bill

to foreclose a certain mortgage made by the South Carolina Railroad Company. No receiver had been appointed by that court when the attachments were levied upon the defendant's property in this state, and the mere pendency of that suit could not interfere with the execution of the attachment laws of this state within the jurisdictional limits thereof.

3. As to the third ground, it does not appear that the general assembly has ever granted any franchises, privileges or immunities to the South Carolina Railroad Company in this state which would prevent a levy and sale of its property found here under legal process. All the rights and privileges which have been granted to it in this state, that we have been able to discover, is to extend its road into the city of Augusta, by an arrangement or contract made with the council of that city, and therefore the illegality of levying the attachments on the defendant's property in this state is not apparent to us. Perhaps a court of equity, on a proper case being made, would restrain the sale of that part of the defendant's road which is in this state, under the attachment judgments, and decree that the entire road of the defendant should be sold; but that is not now the question here. The question here is as to the right of the plaintiffs in attachment to obtain judgments thereon in this state.

4. In relation to the fourth ground, the preliminary step of Fisher, the receiver of the United States circuit court, should have been to have made application to the court below to be made a party to the suits against the defendant for the purpose of defending the same, if he desired to do so. This not having been done, there was no error in the court's striking the pleas filed by him.

5. As to the fifth ground, it appears that the receiver was already in possession of the property, and as the only object appears to have been to get rid of the attachments levied thereon, the petition of the receiver was properly refused by the court.

We therefore affirm the judgment of the court below in all the cases, with directions that the judgments rendered in the attachment cases shall not be enforced by a sale of the property levied on, until a reasonable time shall have elapsed for the final disposition of the injunction granted by decree of the circuit court of the United States.

Let the judgment of the court below in all the cases be affirmed with directions as herein indicated.

Judgment affirmed with directions.