## KOONS v. CHICAGO & NORTH-WESTERN RAILWAY CO.

1. **Pleading:** CORPORATION : STATUTE CONSTRUED. In an action against a railroad company, an allegation that it was consolidated with another company before the commencement of the action, need not be specifically denied as provided by section 2925 of the Revision, but a general denial of each and every allegation of the petition makes it incumbent upon the plaintiff to prove such consolidation. Sections 2923, 2924, 2925 of Revision, providing that an allegation of corporate capacity shall be taken as true, unless denied by a specific statement of the facts relied upon, do not apply to an allegation of consolidation.

2. **Limitation, statute of:** ACTION AGAINST RAILROAD COMPANY. Under chapter 169, Laws 1862, section 6, making railway companies liable for double the value of stock killed, upon their failure to pay the owner therefor after thirty days' notice, the action is deemed to have accrued at, and the statute of limitations begins to run from, the date of the injury, rather than from the service of such notice.

3. —— STATUTE PENALTY. Said act is not a penal statute, nor is the double damages therein provided for a statute penalty, within the meaning of our statute of limitations (section 2740 Revision, sub. 1), and the action therefor is not barred in two years, but may be commenced at any time within five. The law relating to the subject of penal statutes discussed and the authorities collated by WRIGHT, J.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 20.

THE petition, filed March 14, 1867, avers that on the 2d of June, 1864, plaintiff's ox, of the value of $75, was killed by a train of cars then run by the Chicago & Galena Railroad company. That said road is now run

by the defendant, and that, "after the committing of the deed complained of, and before the commencement of this suit, the said C. & G. Co. was consolidated with said C. & N. W. Railway." It is also averred that on the 1st of January, 1867, notice was duly given to enable plaintiff to recover double damages, etc.

The answer first denies each and every allegation contained in the petition; and, secondly, sets up that the cause of action did not accrue within two years next before the commencement of this suit.

On the trial the court found that the ox was killed at the time charged, on a private crossing, not the crossing of an established highway, and that there were no bars or gate to prevent stock from going into and upon said road; that the ox was of the value claimed, and that notice was given of the injury, January 17, 1867.

And, as conclusions of law, the findings were, first, that by the pleadings the consolidation of the companies was not denied; second, that the claim was not a statutory penalty; third, that plaintiff should recover double value, or $150. Judgment accordingly, and defendant appeals.

*Tyrrell & Bailey* for the appellants.

*Smyth & Young* for the appellees.

WRIGHT, J.—I. Does the answer, expressly or impliedly, admit the allegation of consolidation, or was the court justified in finding the same to be true without proof? We *think* not; sections 2923, 2924 and 2925 of the Revision do not apply to such a case. They apply so far as the petition seeks to hold the defendant as a corporation. To this extent, the defendant was required to state specifically the *facts* relied on as a denial of the proposition asserted by plaintiff. But here, there is more than the allegation of

1. PLEADING: corporation: statute construed.

defendant's capacity or liability as a corporation. There is a distinct, independent fact alleged, to wit, the consolidation, and the liability of this defendant as a corporation, by reason thereof. This was properly put in issue by the first clause of the answer, and was a fact to be shown by the evidence. We need hardly add, in reference to plaintiff's suggestion, that the court could not take judicial notice of such alleged consolidation. Under no rule of law would this be true.

In claiming double damages, did plaintiff seek to recover a statute penalty? If so, then it is conceded that under clause 1, section 2740 of the Revision, the action would be barred, as it was not commenced within two years after the cause thereof accrued. In thus stating the proposition, we, of course, hold adversely to plaintiff's claim that the cause did not accrue until notice was given of the injury, to wit, the 1st of January, 1867. The action accrued, in our opinion, at the time of the injury. The giving of the notice did not give the right of action. The other construction would sustain the action, though brought ten or twenty years after the injury, if within the time allowed by the statute after giving the notice, which would be at war with its letter and entire spirit and purpose.

*2. LIMITATION, STATUTE OF: action against railroad company.*

We return then to the real inquiry, was this a *statute penalty?* As already suggested, the law is, that actions for a *statute penalty* must be brought within *two years*, while that *for injury to property* may be brought *five years* after their cause accrues. The act (Laws of 1862, ch. 169, § 6) makes the company liable for stock killed by reason of its failure to fence, to the extent of its value; and if, after thirty days' notice, accompanied by the requisite affidavit, the company shall neglect or refuse to pay the value. it becomes liable to pay double

*3 —— statute penalty.*

the value of the property so killed. Our opinion is, that this is not a statute penalty within the meaning of the law. It is not named or styled a penalty, but, as we construe it, it is the enunciation of the measure of damages in such cases. Certain it is, that plaintiff seeks to recover for an *injury to property*. It is in no sense a *qui tam* action. The State is in no manner interested in the amount of recovery, nor in any manner connected with the proceeding. It is not a punitory or penal action. The *remedy* may be given by the statute, and still it be in no sense a penalty within the meaning of the law. If one part is, then why not all? That is to say, if the double damages or the double value allowed, is a statute penalty, then why not the single damages? *Both* are given by the same statute. If it be said that the single damages were recoverable at common law, then, in the language of the court in *Corning* v. *McCullough* (1 Comst. 66), " if the action or remedy be partly at common law and partly by statutory provisions, the short limitations prescribed for the time of commencing actions on statutes, do not apply unless the cause of action be penal in its nature, or there be no other limitation provided by law adapted to the case."

And in concurrence with the same thought is the following language from the same opinion: " The liability of this defendant is neither for a penalty inflicted upon him for any offense committed by him, nor for any forfeiture incurred by him; nor does it possess any element or features of a penal character assimilating it to either forfeiture or penalty." So too, we add, *this* law does not give to the injured or aggrieved party a fixed statutory recompense for the wrong, but without speaking of forfeiture or penalty gives damages to the extent of the injury, and in action brought, double that amount for the neglect or refusal to pay after due notice. Thus, our

statute, as in other States, gives damages at fixed and definite rates for the non-payment or non-acceptance of bills of exchange drawn or indorsed in this State; and yet no one would certainly claim that this is a statute penalty. To solemnize marriages, however, in any other manner than is provided by statute, renders the parties liable to a penalty of fifty dollars, for the use of the school fund, and this is unquestionably a statute penalty (Rev. § 2526): and the same is true of the next section which imposes a like penalty upon the person solemnizing the marriage for failure to make return thereof to the County Court. Other instances are found in section 823 for fast riding or driving over bridges, section 796, prohibiting the discount of State and county warrants by certain officers, sections 791 and 792, and the act of 1853 (Rev. pg. 126) relating to peddlers, section 210, declaring a penalty whenever a notary exercises the duties of his office after the expiration of his commission. And like illustrations might be added without limit.

In all such cases we have instances to which the short limitation would unquestionably apply. But they are quite unlike the case before us. And see *Van Hook* v. *Whitlock*, 26 Wend. 51. *Freeland* v. *McCollough*, 1 Den. 414, is overruled by that in 1 Comstock, *supra*. And the same is true of *Van Hook* v. *Whitlock*, 7 Paige, 373; and see *Merchants' Bank* v. *Bliss*, 13 Abb. Pr. 225; S. C., 21 How. 365. This last case was ruled after that of *Corning* v. *McCollough* (*supra*), and when the statute, according to the opinion, in effect, said, "penalty or forfeiture for an act other than the non-fulfillment of a contract by which any person may be aggrieved," and was intended to "regulate anew by statute, the time of bringing suits upon liabilities" of this nature.

In addition to these considerations, it is well to remember that the amount of injury in these cases is usually

not large, and that the expense of litigation is frequently as great as the value of the property destroyed. The purpose of the statute was *compensation to the owner* rather than the *punishment of the company.* If a case arises entitling a party to relief, simple, actual compensation is all that the company is required to make if it shall comply with the owner's demand. If it resists, however, his claim after due notice, and he shall be compelled to resort to the courts, then his compensation is to be double this amount. Thus, in some sort holding him harmless for being compelled to litigate a claim which should have been paid without action. So long as their roads are not fenced, the live stock in the country — in our State free commoners — are exposed to constant danger and injury. To allow the owner to recover for these injuries the simple value of the property, would, in most instances, be next to no compensation. If he gets it without suit, then well enough. But if driven to the courts by a persistent refusal to pay, then he still gets, in the view of the statute, but compensation; and between compensation and penalty there is a clear distinction which the law has ever recognized, and which we cannot disregard.

3. The nature and character of the private crossing is left so indefinite in the findings of the court before us, that we cannot undertake to pass upon the correctness of the ruling in this respect. Our former decisions upon the statute will sufficiently indicate the rules applicable upon the re-trial, when the facts are all developed, without here recapitulating them.

For the error just mentioned, the judgment is reversed and the cause remanded.

                                          Reversed.