SWIFT, HAMBERGER & COMPANY, plaintiffs in error, *vs.* A. H. POWELL, defendant in error.

1. Where A agreed with B to deliver one hundred bales of cotton, at twenty-one cents per pound, to him, at any time within sixty days, and B knew that A expected to purchase himself to fulfill his contract, and the contract was reduced to writing, and recited that it was for value received, and the parties further agreed to put up $1,000 each, which they did, to cover the losses of such contract:

*Held*, That, inasmuch as the original contract was reduced to writing, and recited a consideration, we hold there was sufficient, under the

facts, to take the contract out of the illegality of such contracts under section 2596 of the Code, and that the $1,000 put up were to be regarded as stipulated damages, and the plaintiff could recover no more than the amount.

2. When the Court, upon the trial, from a misconception of the law of the case, misdirected the jury, and admitted illegal evidence of consequential damages, but upon motion granted a new trial:

*Held*, That it was not error in the Court to have granted the new trial, especially as the verdict was for an amount not authorized by law."

Contracts. Wagers. Stipulated Damages. Before Judge COLE. Bibb Superior Court. October Term, 1870.

This case was bottomed upon the following writing :

"MACON, GEORGIA, December 3d, 1868.

" For value received, we hereby pledge, bind and obligate ourselves, our heirs, executors, administrators and assigns, to receive of A. H. Powell one hundred bales of upland cotton, to average Liverpool middling, at twenty-one (21) cents per pound, at any time within sixty days from the above date, at the option of said Powell. Cotton to be delivered in the city and paid for in currency on delivery of warehouse receipts to C. A. Nutting, president City Banking Company.         SWIFT, HAMBERGER & Co."

" For value received, I hereby pledge, bind and obligate myself, my heirs, executors and assignes, to deliver one hundred bales of Liverpool middling cotton, according to the above contract. Macon, Georgia, December, 1868.

ADOLPHUS H. POWELL."

On it was indorsed, " Liverpool middlings are understood to be the best middling upland cotton in this market."

Powell did not deliver the cotton, and Swift, Hamberger & Company sued him upon said obligation. They averred that, to meet their obligation, they deposited $1,000 00 in said bank, when the contract was made, and "at other times within the said sixty days made other deposits of several thousand dollars, and arranged with said Nutting to ad-

Swift, Hamberger & Company *vs.* Powell.

vance" what else might be necessary, upon delivery, to pay for the cotton, of which Powell had notice. Such cotton was worth twenty-eight cents per pound at the end of said sixty days. They lost the seven cents profit. They purchased said cotton for manufacturing in their factory, and, for want of it, and by the loss of the use of their money, they were damaged in all $5,000 00.

Powell pleaded that he had no cotton, but expected to buy to meet said obligation; that plaintiffs knew it; that plaintiffs paid him nothing as part of the consideration of said contract, nor did any of their skill or labor enter into said consideration. Further, that immediately after the execution of the contract, the parties thereto agreed that each should deposit $1,000 00 in said bank, and that the failing party should lose the deposit and forfeit it to the other; this sum was deposited; it was the stipulated damages for non-compliance, and plaintiffs can have said deposit by Powell on demand.

After the writing was read in evidence, Hamberger testified as follows: Plaintiffs were manufacturers of cotton goods; he came to Macon to buy cotton for manufacturing, and made said contract for that purpose, and not for speculation. Plaintiffs deposited some money ("nearly enough") with Nutting, and arranged with him to pay any balance if the cotton was delivered. The cotton was not delivered. It would have weighed four hundred and seventy-five pounds, and was worth, at the end of said sixty days, twenty-eight cents per pound. Plaintiffs closed.

Powell testified that just after said written agreement, plaintiffs' agent and himself (who made the first) entered into the said agreement as to a deposit of $1,000 00 "as a forfeit," and pursuant thereto each deposited $1,000 00 in said bank then and there, with the writing, which was also left in the bank. This deposit was intended to cover any loss which might result from the speculation, or as a forfeit for not carrying out the agreement first made. When the

obligation matured, he notified plaintiffs that he would forfeit said $1,000 00. The plaintiffs' contracting agent knew that he did not have any cotton but expected to buy to meet his obligation. Plaintiffs expended no labor nor skill, nor undertook to do so, nor expended or paid any money as a consideration for said contract, "except the putting up of the $1,000 00" aforesaid. It was a pure speculation between him and plaintiffs; he knew plaintiffs both as manufacturers and speculators. Defendant closed.

Hamberger testified that the writing was drawn up, and before it was signed Powell proposed that each should deposit $1,000 00, "to make good their words;" he agreed, they went to the bank, signed the contract, deposited $1,000 00 each, and the contract together, in the bank; nothing else was said about this deposit. Had he not made this contract he would have bought cotton to supply the factory; it was then worth but twenty-one cents per pound in Macon, and there was enough there. Plaintiffs are not cotton speculators. (By Powell's non-compliance the factory was stopped for a month, to plaintiffs' damage $500 00, in the loss of the profits which would have been made had the factory run during the month.) This evidence in brackets came in over defendant's objection. Another witness testified that he thought the contract was not signed when the parties started to the bank to make the deposit of $1,000 00 each.

The Court charged the jury: 1st. If defendant contracted with plaintiffs to deliver them one hundred bales of cotton within sixty days, at twenty-one cents per pound, and if, at the time, defendant did not have the cotton, but expected to buy it, to fulfill said contract, and plaintiffs were aware of that fact, and if no expense on the part of the plaintiffs entered into the consideration of the contract, plaintiffs cannot recover. But if the plaintiffs, in order to carry out said contract on their part, deposited money after the making of said contract at said bank, which money was kept by plaintiffs on deposit to pay for said cotton when delivered, then

Swift, Hamberger & Company *vs.* Powell.

plaintiffs were put to such expense as made the contract good, and plaintiffs can recover. To make a contract for the sale of goods to be delivered at a future day, when both parties know that the seller expects to purchase to fulfill his promise, good and valid, it is sufficient if expense alone, on the part of the buyer, enters into the consideration; and a deposit of money by the buyer to meet said contract, together with the loss of the use of said money while so deposited, constitutes such expense. It is not necessary for plaintiffs to show that either skill or labor on their part entered into the consideration of the contract, but if they prove that they were put to expense, as already explained, it is sufficient. If defendant was suing for a breach of the contract he would have to prove that skill and labor entered, on his part, into the consideration, in order to recover. 2d. If, after plaintiffs and defendant made the contract for the delivery and purchase of the cotton, they deposited $1,000 00 each, and agreed that the sum so deposited should cover all damages that the party violating the contract should be liable for, plaintiffs could recover $1,000 00. But if the deposit was made by the parties to bind the bargain, or as part of the consideration of the purchase, plaintiffs are entitled to recover whatever damages the jury believe they sustained by the non-delivery of the cotton. 3d. If the verbal agreement as to the deposit of $1,000 00 by each was not made after the execution of the contract in writing, they should not consider the verbal agreement at all.

He gave no other charges upon said points. The verdict was for plaintiffs for $2,800 00 besides interest. Defendant's counsel moved for a new trial upon the grounds that the verdict is contrary to law, etc., and because the Court erred in each of said charges. A new trial was granted upon the ground that the Court had erred in the charges. This is assigned as error.

NESBITS & JACKSON, for plaintiffs in error.

LANIER & ANDERSON, for defendant.

LOCHRANE, Chief Justice.

This case came before the Court upon exception to the judgment of the Court granting a new trial. We affirm the judgment of the Court below, as we are of opinion that his conception of the law of the case, as submitted in his charge to the jury, was erroneous as to the principles of law governing the case, and it was his duty to have granted the new trial. The written instrument entered into between the parties reciting a consideration for the agreements entered into, lifted the case, in the opinion of the Court, out of the operation of the Code, section 2596, and gave to it the effect of a legal and binding contract, which Courts would recognize and enforce.

And the stipulation that the parties were to put up $1,000 00 each to cover any contemplated losses arising out of non-compliance, in our opinion, was an agreement fixing the losses by the sum stipulated to be paid. And in a suit brought for damages arising out of the non-performance of the contract, no more than this agreed sum could be legally recovered.

Judgment affirmed.