## William R. Clark et al.

### v.

## Michael Manning et al.

1. Mechanic's lien—Superiority.—The statute gives persons who have furnished labor or materials in the erection of a building, a lien thereon prior to that of an incumbrancer, but in order to avail themselves of such lien, their suit to enforce it must be brought within six months after the last payment becomes due.

2. Cestui que trust a necessary party. — In order to affect his rights, the *cestui que trust* in such incumbrance must be made a party to the suit, and this must be done within the six months limited by the statute for bringing suit to enforce such liens.

3. Trustee—Nature of trust.—The trustee named in the deed of trust is a necessary party to such suit, because of the legal title being vested in him, but his trust is not of that nature which can make him a proper representative of his *cestui que trust.* He is neither bound nor authorized to appear and answer for the party secured, nor would a decree against him alone be binding upon the rights of his *cestui que trust.*

4. When suit considered as commenced.—Where suit is brought to enforce a mechanic's lien, and a creditor or incumbrancer is subsequently brought in by way of amendment to the petition, the suit is not considered as having been commenced against such party until he is made a party defendant.

5. Non-resident—Statute of Limitations.—The provision of the Statute of Limitations, excepting from its operation persons who are out of the State, has no application to the mechanic's lien law. That section applies only to limitation of actions provided for in the chapter relating to limitations.

Appeal from the Superior Court of Cook county; the Hon. S. M. Moore, Judge, presiding. Opinion filed December 8, 1879.

This was a petition for a mechanic's lien, filed by William R. Clark and Lewis E. Clark, on the 18th day of December, 1873, in the Superior Court of Cook county. The record shows that on the 10th day of May, 1873, the petitioners agreed to construct a certain building for Michael W. Manning, one of the defendants, for the sum of $2,800, upon a lot in Chicago of which said Manning was the owner. By the terms of the

contract, the petitioners were to receive $1,000 as the work progressed, and the balance in thirty days after the completion of the building. The last work was done, and the building fully completed, according to the contract, on the 29th day of July, 1873, and on the 28th day of August following, thirty days after the completion of the building, there remained due the petitioners the sum of $1,750.78, on account of said contract. This sum is still unpaid.

At the time of filing the petition, there was a certain incumbrance on said premises, dated May 29th, 1873, and recorded June 6, 1873, executed by said Manning to Henry L. Hammond as trustee, to secure the note of said Manning for the sum of $4,500, payable five years after date, to the order of Edward A. Lawrence, with interest at the rate of ten per cent. per annum. Manning, the owner of the premises, and Hammond, the trustee, were made parties defendant at the time of filing the petition. Afterwards, on the 3d day of July, 1874, the petition was amended so as to make said Lawrence a defendant. On the 28th day of June, 1878, and during the pendency of the suit, said trustee, on the application of said Lawrence, advertised and sold said premises under the power in the deed of trust, said Lawrence becoming the purchaser, and executed a trustee's deed, conveying said premises to said Lawrence in fee. It further appears that said Lawrence at the time of the execution of said deed of trust was, and ever since has been, and still is, a non-resident of this State.

On the hearing of the petition a decree was rendered establishing a lien on said premises in favor of the petitioners as against said Manning, but declaring said deed of trust to be a lien thereon prior and superior to that of the petitioners. From this decree the petitioners have prosecuted this appeal.

Mr. GEORGE C. FRY, for appellants; that the suit was commenced within the statutory time, cited Rev. Stat. 1874, 348, 668.

For the purpose of bringing all parties into court, amendments may be allowed: Gross' Stat. 1869, 423, 425.

Upon the rule of construction of statutes: Potter's Dwarris

on Statutes, 189; Decker v. Hughes, 68 Ill. 33; Perteet v. The People, 65 Ill. 230; 1 Kent's Com. 462.

Statutes allowing amendments are liberally construed: 1 Barb. Ch. Pr. 209; Witte v. Meyer, 11 Wis. 300; Green v. Cole, 13 Ind. 430; Gregg v. Brower, 67 Ill. 525.

As to the meaning of the term "any other creditor": Kimball v. Cook, 1 Gilm. 423; Schaeffer v. Weed, 3 Gilm. 511.

All parties in interest could be made parties, on their own motion or by amendment: Race v. Sullivan, 1 Bradwell, 99; Kelley v. Chapman, 13 Ill. 530; Holcomb v. The People, 79 Ill. 409.

This a proceeding *in rem:* Dellner v. Rogers, 16 Mo. 340; Delahay v. Clement, 3 Scam. 201; Phillips on Mechanics' Liens, § 305; McCauley v. New, Ill. Syn. Rep. 198.

The filing of the petition is the commencement of the suit, and the amendment was only a continuance of the original proceeding: Lovidette v. Reading, 4 B. Mon. 81; Christian v. O'Neal, 46 Miss. 669; Shoeffer v. Weed, 3 Gilm. 511; Witte v. Meyer, 11 Wis. 300; Mann v. Schroer, 50 Mo. 306; Work v. Hall, 79 Ill. 196.

It is not an inflexible rule that all interested must be made parties. If there is sufficient privity between those parties made defendants and those not made defendants, the latter are bound by the result of the action: Webster v. French, 11 Ill. 254; Willis v. Henderson, 4 Scam. 13; Bridsong v. Bridsong, 2 Head, 289; Story's Eq. Pl. § 142; Mitford's Eq. Pl. 170; Bigelow on Estoppel, 69; Emery v. Fowler, 39 Me. 326; Adams v. Barnes, 17 Mass. 365; Benjamin v. Elmira R. R. Co. 14 N. Y. 441; Rogers v. Higgins, 57 Ill. 244.

It was the duty of the trustee to defend the interest of the *cestui que trust:* Greenleaf's Cruise Ch. 4, § 5; Hill on Trustees, *316; Perry on Trusts, §§ 228, 520; Snell's Eq. 146; Daniels' Ch. Pr. 212.

He sufficiently represents the beneficiaries in relation to the trust property: Kerrison v. Stewart, 93 U. S. 155; Female Ass'n v. Beekman, 21 Barb. 565; Swift v. Stebbins, 4 Stewt. & P. 467; Shaw v. R. R. Co. 5 Gray, 160; Winslow v. R. R. Co. 4 Minn. 313; Johnston v. Zane, 11 Gratt. 552; Rogers v.

Rogers, 3 Paige Ch. 379; Wakeman v. Grover, 4 Paige Ch. 33; Campbell v. Watson, 8 Ohio, 500; McElrath v. Pittsburgh R. R. Co. 68 Pa. St. 37; Willink v. Morris Canal Co. 3 Greene's Ch. 377; Johnston v. Robertson, 31 Md. 476; New Jersey Franklinite Co. v. Ames, 1 Bes. Ch. 507.

When the legal and equitable estates unite, there is a merger: 1 Washburn on Real Prop. 80; 2 Spence, Eq. Jur. 879; Hill on Trustees, § 252; Perry on Trustees, § 347.

The *cestui que trust* being a non-resident, the statute does not run against him: Rev. Stat. 1874, Ch. 84, § 12.

As to construction of Statute of Limitations: White v. Hight, 1 Scam. 204; Chenot v. Lefevre, 3 Gilm. 637; Vanlandingham v. Huston, 4 Gilm. 125; Strithhorst v. Greame, 2 W. Black. 723; Williams v. Jones, 13 East. 439; Lafond v. Ruddock, 13 C. B. 813; State-Bank v. Seawell, 18 Ala. 616; Wakefield v. Smart, 3 Eng. 488; Palmer v. Shaw, 16 Cal. 93; Hatch v. Spofford, 24 Conn. 432; Pratt v. Hubbard, 1 Greene, 9; Jones v. Henry, 1 Littel, 46; Dwight v. Clark, 7 Mass. 516; Little v. Blunt, 16 Pick. 359; Wilson v. Appleton, 17 Mass. 180; Rockwood v. Whitney, 108 Mass. 337; Eustis v. Rawlins, 6 Miss. 258; King v. Lane, 6 Wis. 241; Paine v. Drew, 44 N. H. 306; Schultz v. Schultz, 10 Gratt. 358; Grannis v. Weeks, 19 Vt. 178; Brown v. Bicknell, 1 Pen. 226; Supervisors v. Winnebago Drain Co. 52 Ill. 299; Angell on Limitations, § 206.

Parties purchasing *pendente lite* are bound by the decree: 1 Story's Eq. § 406; Wells' Res Adjudicata, § 32; Bishop of Winchester v. Paine, 11 Ves. 197; Garth v. Ward, 2 Atk. 175; Mead v. Orrery, 3 Atk. 242; Gaskill v. Durdin, 2 B. & B. 169; Snowman v. Hosford, 57 Me. 4000; Atwood v. Mansfield, 59 Ill. 496.

Mr. F. C. INGALLS and Mr. WILLIAM LAW, Jr., for appellees; that creditors and incumbrancers must be made parties before the expiration of the six months allowed by statute, cited Crowl v. Nagle, 86 Ill. 439; Dunphy v. Riddle, 86 Ill. 26.

The *cestui que trust* is a necessary party: Scanlan v. Cobb, 85 Ill. 296; Dunphy v. Riddle, 86 Ill. 26; Gaytes v. Franklin Sav. Bank, 85 Ill. 256.

Clark v. Manning.

BAILEY, P. J.   The only question presented by this appeal is:   Are the petitioners entitled to have their lien declared to be prior to the deed of trust?   The statute gives persons who have furnished labor or materials in the erection of a building, a lien thereon prior to that of an incumbrancer, but in order to avail themselves of such lien, their suit to enforce it must be instituted within six months after the last payment for labor or materials has become due.   In this case the petition was filed within the six months limited by the statute, but at that time only the owner of the premises and the trustee in the deed of trust were made parties.   The payee or holder of the note was not made a defendant, nor served with process until nearly six months after the expiration of the limitation.

We have no doubt that Lawrence was a necessary party to the petition in order to effect his rights under the deed of trust, and the petitioners having failed to make him a party within the six months given for that purpose, their lien must be postponed to his.   This precise question was carefully considered by this court in the case of Bayard v. McGraw, 1 Bradwell, 134, and on re-considering the whole subject, we are unable to arrive at any different conclusion from the one there announced. While the trustee is a necessary party because of the legal title being vested in him, his trust is not of that nature which can make him a proper representative of his *cestui que trust*.   Until default in the payment of the note, his is a mere *passive* trust.   His duties are defined and limited by the terms of the power in the deed, and he is not charged with the responsibility of protecting the interests of the holder of the note in matters foreign to the proper execution of his power.   He is neither bound nor authorized to appear and answer for the party secured, nor would a decree against him alone, assuming to determine the priority of the respective liens, be binding upon the rights of the *cestui que trust*.   The trustee is in no sense the " creditor " mentioned in section 28 of the statute in relation to liens.

The law has been settled by recent decisions of the Supreme Court, that where suit is brought to enforce a mechanic's lien against the owner, and upon amendment of the petition a

creditor or incumbrancer is made a party defendant, the suit cannot be considered as having been commenced against such creditor or incumbrancer until he is made a party defendant. So far as he is concerned, it can have no relation back to the time of bringing suit against the original defendants. Dunphy v. Riddle et al. 86 Ill. 22; Crowl v. Nagle et al. Id. 437. These decisions are directly applicable to the present suit, and settle the law adversely to the appellants.

The point is made that the equitable title held by Lawrence, having been merged in the legal title held by the trustee, by means of the trustee's sale, it must now be deemed sufficient that the holder of the legal estate was before the court within the time limited by the statute. We are unable to perceive any application to this case of the doctrine of merger, or if it does apply, how it can aid the petitioners. The title now held by Lawrence, passed to him by sale of both the legal and equitable estate under the power in the deed of trust, and was merely an enforcement of a lien, which at the time of the sale, was prior and superior to that of the petitioners. A title acquired by enforcement of such lien, whereby all subsequent liens were cut off and wiped out, cannot be held to have been, by the mere act of such enforcement, postponed to a junior lien. The sale having taken place while the suit was pending, the title thereby acquired was, doubtless, subject to the final decree therein, and had the petitioners been found entitled to the superior lien, the purchaser at the trustee's sale would have taken subject to their rights. But the meeting of the legal and equitable estate in the same person cannot have in the view of a court of equity, the effect of postponing a superior to an inferior right.

A further point is made, that Lawrence being a non-resident of the State at the time of the execution of the deed of trust, and ever since, the limitation prescribed in the lien law can have no application to him. Whether the mere fact of non-residence is sufficient to bring a party within the provisions of section 18 of chapter 83 of the Revised Statutes, which excepts from the operation of that chapter persons who are out of the State, need not be considered. It would seem possible for a person

to be a non-resident and still be in the State within the meaning of the limitation law.   But we are of the opinion that the exception contained in said section 18 has no application to the lien law.   That section applies only to limitations of actions provided for in said chapter 83.   There is no provision of law extending its operation to the limitation provided in section 28 of chapter 82.

We think that the decree of the Court below is in accordance with the rights of the parties as shown by the record, and it will therefore be affirmed.

Decree affirmed.