WILLIAM MITCHELL AND BENJAMIN BOUTELL v. JOHN D. McKINNON AND AGNES McKINNON.

*Contract—Stipulated damages—Right of action.*

Defendants contracted to make certain repairs on vessels owned by plaintiffs by a given date, and on their failure so to do plaintiffs were authorized to deduct from the last payment a certain sum for each day's default, as *liquidated* damages. Plaintiffs sued for *said* damages, declaring on the contract, and averring defendants' failure to perform same; but the declaration was silent as to any deductions having been made.

*Held*, that plaintiffs' right to sue for the breach of the contract was altogether independent of the clause in the contract authorizing them to retain and keep back the damages out of the last payment, and that if, upon the trial, it should appear that they had retained such stipulated damages, such fact might be shown in bar of the action. *Stillwell v. Temple*, 28 Mo. 156.

Error to Bay. (Green, J.) Argued April 21, 1887. Decided April 28, 1887.

Assumpsit.   Plaintiffs bring error.   Reversed.   The facts are stated in the opinion.

*T. A. E. & J. C. Weadock,* for appellants.

*Simonson, Gillett & Courtright,* for defendants.

CHAMPLIN, J.   This suit was brought for the recovery of liquidated damages.

The declaration consists of two special counts.   It set forth that defendants were boiler-makers, and that plaintiffs were vessel owners, and engaged in the business of controlling and using steam-vessels and tug-boats; that they entered into a contract with defendants to rebuild and repair a marine boiler, and place it in the steam-tug *Luther Westover,* and to have the same completed on or before February 10, 1877, which contract contained this clause:

" And for the true and faithful performance of all and every one of the above covenants and agreements above mentioned, the parties of the second part bind themselves to pay or allow the parties of the first part $5 per day, Sundays excepted, as fixed and settled, as liquidated damages, for all time after February 10, 1877, till the aforesaid boiler is delivered and tested, and the last-mentioned amount, if any, to be deducted from last payment."

The last payment was $400, and was payable on February 10, 1877, "when the boiler is delivered at boat, tested, and found all right."   It alleges that the boiler was not delivered until the first day of August, 1877.

The second count set forth a contract entered into between the parties, wherein defendants agreed to build and finish a new marine boiler in the steamer *Music,* and make some alterations in the vessel.   The whole contract price was $4,626, payable as follows: January 10, 1877, in two boilers, $1,600; February 1, 1877, $1,000; March 1, 1877, $500; and $626 when the boilers are finished and accepted; the balance, $900, on or before September 1, 1877.   This contract contained this clause:

"The said parties of the second part to have the said boilers, and all work connected with the same, finished April 10, 1877; and, for the true and faithful performance of all and every part of the aforesaid covenants and agreements above mentioned, the parties of the second part agree to pay, as fixed, settled, and liquidated damages, to the said parties of the first part, the sum of $10 per day for each and every day after April 20, 1877, Sundays excepted, till work is completed; the above-mentioned amount of damages, should there be any, to be deducted from payment to be made on the completion or acceptance of work as finished."

Plaintiffs allege that the work was not finished until the first day of August, 1877, and claim damages.

The defendants plead the general issue.

At the trial, after the attorney for plaintiffs had stated his case, the attorney for defendants objected to the introduction of any testimony, on the ground that the declaration did not disclose a cause of action; that the contracts on which suit is brought provide that, if there is any damage whatever for the non-completion of these boilers in time, they shall deduct that amount from the last payment under the contracts, and the declaration is silent as to whether they ever deducted any amount or not; they may have been paid, from all that can be learned from the declaration; that there is no excuse alleged for not deducting the stipulated damages. Further, if these plaintiffs went on and paid the amount under these circumstances, and did not deduct the amount of their damages from the last payment, they waived their right, or any right they had, to any amount of damages under the contract.

The court took this view of the matter, and sustained the objection.

We think the court erred. A proper construction of the contracts does not lead us to the conclusion that the parties intended, by the language employed, to constitute the plaintiffs a tribunal to determine, not only that the defendants had not performed their agreement, but the amount of damage they should be entitled to withhold therefor. The

reasoning advanced by counsel for defendants, leads to this result. Had plaintiffs retained the whole amount of the last payment under the pretext that the work had not been completed at the time named, when in fact only a few days had elapsed, we do not think the defendants would have been precluded from bringing their action to recover the amount due them under the contracts, and we do not think they would contend that the matter rested wholly in the breasts of the plaintiffs to determine whether there had been a default, and the amount they would have been entitled to retain if there had been one. Yet the rights of these parties are mutual under the contracts. If their determination is conclusive upon one party, it is upon the other. The declaration alleges a breach of the contracts in defendants not having performed in the time agreed, and there is no reason appearing upon the face of the declaration why they should be precluded from bringing their action to recover for such breach of contract. The plaintiffs' right to sue for the breach is altogether independent of the clause authorizing them to retain and keep back the damages out of the last payment.

In *Lea v. Whitaker*, L. R. 8 C. P. 70, the parties to the agreement had deposited in the hands of Henry Hargreaves £40 each, and stipulated that either party failing to perform the agreement should forfeit to the other his deposit money as and for liquidated damages. Plaintiff brought his action to recover damages for the breach of the contract. Defendant pleaded that, in pursuance of the alleged agreement, the plaintiff and defendant deposited in the hands of Hargreaves the sum of £40 each, and that afterwards the plaintiff alleged that the defendant had committed divers breaches of the agreement, which breaches were the same breaches now sued for, and claimed from Hargreaves the two several sums of £40 deposited in his hands as and for liquidated damages in respect of said breaches; and, Hargreaves refusing to deliver to the plaintiff the said several sums, the plaintiff commenced

and prosecuted an action for and in respect of the said several sums, and recovered judgment.

Plaintiff demurred to this plea, and the court held that the plea was no answer to the action; that the plaintiff's right to sue for the breach was altogether independent of the action against Hargreaves. See, also, as bearing upon the question, *Hinton v. Sparkes*, L. R. 3 C. P. 161; *Upham v. Smith*, 7 Mass. 265; *Swift v. Powell*, 44 Ga. 123.

If, upon the trial, it should turn out that plaintiffs have retained in their hands sufficient to cover the damages stipulated, such fact may be shown in bar of the action, as was done in the case of *Stillwell v. Temple*, 28 Mo. 156. In that case the defendant placed in plaintiff's hands a certain quantity of stock; and it was agreed that, if he failed to perform an agreement entered into between him and plaintiff, the stock should become the absolute property of plaintiff, without redemption, as stipulated damages. Defendant made default, and, without tendering the stock back, plaintiff brought his action to recover certain rent agreed to be paid by defendant. The court held that he was not entitled to recover; that the stipulation with respect to the stock was a bar to the action.

The counsel for both parties have treated the stipulations contained in these contracts as stipulated damages. That point is not before us, and we do not pass upon it.

We are also of opinion that the declaration, as framed, is broad enough to permit proof of the facts set up in the amended declaration which was tendered. If it were otherwise, the court should have permitted the amendment.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.