## THE JOHNSON & LARIMER DRY GOODS COMPANY, *a Corporation*, v. S. P. CORNELL.

1. LIMITATION—*Statutes—Non-Resident Corporations.* The statute of limitation does not run in favor of a non-resident corporation which neglects and refuses to comply with the laws of the Territory upon which it is permitted to do business here, and by which neglect and refusal, persons having claims against the corporation are precluded from obtaining service of process upon it.

2. BOND FOR COSTS—*Statutes of 1890.* No bond for costs, deposit in money or affidavit of poverty by the plaintiff was required under the Practice Act contained in the statutes of 1890, under which this action was begun, and neither a bond, deposit or affidavit of poverty were required in order to entitle the court to take jurisdiction of the case before summons issued, in a suit begun under this Act.

3. DAMAGES—*Measure of.* In a suit for damages against the plaintiff in error here, defendant below, the plaintiff, defendant in error here, testified as to the value of a stock of goods, and afterward, upon cross-examination, he testified that he knew the value of the goods by footing up the bills, and the sales on the books, and that he had turned over the books to one of his attorneys, and that he now had no control of them, and that they were out of his possession.

*Error from the District Court of Logan County.*

*O'Bryan & Gordon*, and *Green & Strang*, for plaintiff in error.

*Harper S. Cunningham*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.: This case was tried upon an amended petition filed in the district court of Logan county on the 27th day of January, 1894, by the plaintiff, S. P. Cornell, defendant in error here, in which the plaintiff alleged that he and one George Stitzell were owners of a stock of goods in the town of Noble, valued at one thousand dollars, and that before the commencement of this suit, plaintiff became the sole owner thereof, and that on the 15th day of

August, 1890, the defendant, plaintiff in error here, forcibly took possession of the said goods, and September 20, 1890, converted the same to its own use, and that, also on the 15th day of August, 1890, the defendant forcibly took possession of another stock of goods owned by plaintiff in the town of Orlando, and on the 22d day of September, 1890, converted the same to its own use, to the plaintiff's damage in the sum of twenty-five hundred dollars, and that the plaintiff was the owner of a frame building in the town of Orlando, and that on the 16th day of September, 1890, the defendant converted this property also to its own use, to the damage of the plaintiff in the sum of three hundred dollars. Judgment was prayed for in the sum of thirty-eight hundred dollars, damages, and interest from the 15th day of August, and for costs of suit.

There was no cost bond, no deposit for costs and no poverty affidavit. Summons was issued and returned on January 30, 1894, and duly served on Enos Kuhleman, agent of the defendant, plaintiff in error here, on February 1, 1894.

The defendant filed a general denial of all the charges set forth in the petition on February 20, 1894, and on the 12th day of April, 1894, obtained leave to withdraw its answer and file a general demurrer, which was by the court overruled. Defendant thereupon again filed its general denial and upon the issues thereupon raised the cause was tried to a jury. The jury was fully instructed upon the propositions of law applicable to the case and thereafter rendered a verdict in behalf of the plaintiff, defendant here, for the sum of eleven hundred dollars and costs of suit.

Findings of fact were also made by the jury upon twenty-three special interrogatories proposed by the de-

fendant.  The defendant moved the court for judgment upon the special findings of the jury, notwithstanding the general verdict, and filed its motion for a new trial, and further moved the court to dismiss the action for the reason that no bond for costs had been given, and for the further reason that the plaintiff had failed to comply with the order of the court requiring him to give bond for costs, all of which motions were by the court overruled, and exceptions reserved by the defendant; and judgment was thereupon entered up in behalf of the plaintiff for the amount of damages awarded in the verdict of the jury.

Thirteen assignments of error were made by the plaintiff in error, all of which were argued upon three propositions, as follows:   (1), That under the laws of the territory the claim of the plaintiff was barred by the statute of limitations upon the 27th day of January, 1894, the date of the filing of the amended petition herein; and (2), that no bond for costs having been filed, no deposit in money of a sum less than fifteen dollars having been made, and no affidavit by the plaintiff that, by reason of his poverty he was unable to pay the costs of the action, having been filed in the district court before the issuance of the summons, that the court was, therefore, without jurisdiction and should have dismissed the cause upon its attention having been called to that fact; and (3), that secondary evidence was admitted in behalf of the plaintiff while primary evidence existed and was under the control of the plaintiff or his attorney.

No argument is made upon the law as given to the jury by the court, nor has there been any discussion as to the correctness of the verdict of the jury in view of the special findings of fact made by it at the instance of the defendant.

This action was begun shortly after the conversions set forth in the amended petitions, and while the Practice Act contained in the Statutes of 1890 was in force. The defendant corporation had not at that time complied with the requirements of the Statutes of Oklahoma as they existed at the time, and as they are now found in ch. 17, art 21, of the Statutes of 1890, and no agent of the defendant corporation had been appointed in the Territory upon whom service of process could be made.

Shortly after the defendant corporation complied with this statute the amended petition was filed, summons issued and served upon its agent, and the defendant then entered its appearance and answered in the case.

It is obvious that the statute of limitations does not run in favor of a non-resident corporation which neglects and refuses to comply with the laws of the Territory, upon which it is permitted to do business here and by which neglect and refusal persons having claims against it are precluded from obtaining service of process upon it. The defendant did not plead the statute of limitations as a bar and evidently did not rely upon it.

Upon the second ground of error, which has been argued in the briefs, it is to be said that, while the case was tried upon the amended petition filed January 27, 1894, that the action was begun under the Practice Act contained in the Statutes of 1890, and that no bond for costs, deposit in money or affidavit of poverty by the plaintiff was required under that act as a prerequsite to the issuance of summons.

This action was pending at the time of the adoption of the present Code of Civil Procedure, which provides § 754, p. 888, of the Statutes of 1893, that:

"The provisions of this code do not apply to proceed-

ings in actions or suits pending, when it takes effect. They shall be conducted to final judgment or decree, in all respects, as though it had not been adopted."

The contention of plaintiff in error cannot, therefore, be sustained upon this ground.

Upon the third ground of error which has been argued, it is contended that, the best evidence attainable should be first produced before any evidence of a secondary nature should be allowed by the court, and that the court erred in allowing testimony of a secondary nature while the primary evidence was under the control of plaintiff or his attorneys.

The plaintiff testified that he was familiar with the stock of goods at Orlando from handling them and ordering them and having charge of them, and from these circumstances could state what the fair market value of the goods was.

The defendant in error testified that he had been in business in the Territory since August, 1889, and gave his personal attention to it, and thereupon stated that the value of the goods at Orlando was twenty-eight hundred dollars. Afterward, upon cross-examination, he testified that he knew the worth of the goods at Orlando by the footing up of the bills and the sales on the books, and that he had turned over the books to one of his attorneys in the case, Mr. Cunningham; that he had no control of them, and that they were out of his possession, and that he did not know whether his attorney now had control of them or not. Mr. Cunningham was in court at the time of the trial. He testified that the books and accounts had been in his possession, but that he had lost them, and that they were not now in his control, and that he did not know where they were.

We do not think the case should be reversed upon this ground.

The judgment of the court will be affirmed.

Dale, C. J., having presided in the court below, and Bierer, J., having been of counsel, not sitting; all the other Justices concurring.