Argued March 9, affirmed April 6, 1960

# WHITTINGTON *v.* DAVIS
### 350 P. 2d 913

*Clifford S. Beckett,* Oregon City, argued the cause and filed a brief for the appellant.

*Wayne A. Williamson,* Portland, argued the cause for the respondent. With him on the brief were Roland F. Banks, Jr., and Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and DUNCAN, Justices.

## SLOAN, J.

This was an action for personal injury plaintiff alleged he sustained in a collision with defendant's automobile. The issue to be decided involves the statute of limitations. The facts in regard to the accident are unimportant.

The accident happened on August 20, 1950. Plaintiff's complaint was filed within two years thereafter, but service of summons was not effected upon defendant until June 1, 1954. The plaintiff did not avail himself of the right to serve the Secretary of State (now Director of Motor Vehicles) as permitted by ORS 15.190. Instead, plaintiff waited until he could personally serve the defendant on the date mentioned. Defendant's answer alleged, as an affirmative defense, the statute of limitations. Plaintiff's reply alleged that defendant had either secreted herself within this state or had absented herself therefrom; that the provisions of ORS 12.150 applied, and the running of the statute of limitations was tolled during the period of defendant's absence or hiding. Defendant filed a motion for judgment on the pleadings on the ground that ORS 15.190 which permitted service on the defendant by serving the Secretary of State avoided the tolling of the statute. The trial court sustained defendant's motion and plaintiff appeals.

The several courts are divided upon this question.

*Busby v. Shafer* (1954) 75 SD 428, 66 NW2d 910; *Kokenge v. Holthaus* (1952) 243 Iowa 571, 52 NW2d 711; *Peters v. Tuell Dairy Co.* (1948) 250 Ala 600, 35 So2d 344; *Arrowood v. McMinn County* (1938) 173 Tenn 562, 121 SW2d 566, 119 ALR 855; *Coombs v. Darling* (1933) 116 Conn 643, 166 A 70, are typical of the cases which hold that the right to serve a defendant motorist by serving a statutory agent precludes the tolling of the statute of limitations. The theory of these cases is expressed by the Supreme Court of Tennessee in *Arrowood v. McMinn County,* supra, 121 SW2d at 568, quoting from *Taylor v. McGill,* 74 Tenn 294, 6 Lea 294:

> " 'The principle we decide is, that where the party had his remedy complete and unaffected by the absence of the administrators or defendant, then such absence has not affected his right to sue, and is therefore not within the purpose of the act of 1865, preventing the lapse of time effectuating the bar of the statute during the absence of a party to be sued.' "

The Supreme Court of the United States has said: "The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim." *Bauserman v. Blunt* (1892) 147 US 647, 657, 13 S Ct 466, 37 L Ed 316. The Bauserman case, construing the law of Kansas, held that the statute of limitations was not tolled by the want of the appointment of a personal representative of the estate of a deceased person when the creditor himself had the right to petition for the appointment of an administrator. The case was decided on the same theory as many of the cases previously cited, including the Tennessee case above quoted.

Some of the cases to the contrary, and relied upon by plaintiff, are *Staten v. Weiss* (1957) 78 Idaho 616, 308 P2d 1021; *Couts v. Rose* (1950) 152 Ohio St 458, 90 NE2d 139; and *Bode v. Flynn* (1934) 213 Wis 509, 252 NW 284, 94 ALR 480. Most of the cases are collected in an annotation at 17 ALR2d 517. We find no need to review the many cases cited.

■■ ORS 12.150 provides that the statutes of limitation are tolled when the defendant is a nonresident or secreted within the state. Plaintiff contends that if we adopt the view that the availability of a statutory agent for service upon a motorist avoids the tolling of the limitation statute we will impliedly amend ORS 12.150. Plaintiff says we would thereby amend the tolling statute to add a limitation, not otherwise expressed, that it does not apply when a motorist is a defendant. Some of the cases relied on by plaintiff, previously cited, do so hold. We cannot agree with this theory. The effect of our holding is merely to say that a motorist using the highways of Oregon, within ORS 15.190, makes himself available for the service of summons upon him by the designation of a lawful agent for that purpose. The availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply the tolling statute at all.

ORS 12.150 contains no limitation that it does not apply to a corporation which is required to provide a statutory agent, yet it cannot be successfully argued that all actions against such a defendant must be tolled because not specifically excluded from ORS 12.150. *Hamilton v. North Pac. S.S. Co.* (1917) 84 Or 71, 164 P 579; *Thornton v. Nome and Sinook Co.* (1931) 260

Ill App 76. The latter case specifically holds that if a corporation, foreign to Illinois, is amenable to service in that state the statute runs the same as against a domestic corporation. In Hamilton the following language appears at 84 Or 77:

> "It is settled law in this jurisdiction that a foreign corporation doing business in Oregon is to be deemed a resident of Oregon in such sense as that it is amenable to the processes of the Oregon courts, and a personal judgment may be secured against it based on the service of summons in this state. [Citing cases]"

The case then holds that a foreign corporation is not out of the state when it maintains an agent for service within the state and therefore the tolling statute, ORS 12.150, does not apply. The same rule should apply to a motorist who can be served as provided by ORS 15.190.

There is also a matter of policy involved in this case. If we would accede to plaintiff's argument it would mean that a plaintiff could indefinitely postpone the filing of an action against a nonresident motorist. He could await a propitious time when witnesses or parties were unavailable and thereby effectively deprive a defendant of any defense the defendant may have. The plaintiff's theory could well lead to the equivalent of fraud.

■ Every trend of the law is, and must be, to expedite all litigation to the end that every cause and party receive prompt, full and judicious determination of all issues on the merits. We conclude that the trial court correctly allowed the challenged judgment.

Affirmed.