SANTOS, *Appellant,*
*v.*
THE FLXIBLE COMPANY, *Respondent.*
(No. A7806-09464, CA   12501)
597 P2d 373

Bryan L. Peterson of Peterson, Peterson & Peterson, P. C., Portland, argued the cause and filed briefs for appellant.

Elizabeth K. Reeve, Portland, argued the cause for respondent. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Gordon Moore, Ridgway K. Foley, Jr., and Ruth Waxman Hooper, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges, and Peterson, Judge Pro Tempore.

PETERSON, J., Pro Tempore.

**PETERSON, J., Pro Tempore.**

In this strict liability action for personal injuries against the manufacturer of a bus, the plaintiff, a Tri-Met bus driver, alleges that he sustained injuries on June 11, 1976, when the door of his bus opened, striking him on the head. He claims that the bus was manufactured, designed and sold by the defendant corporation. The complaint was filed on June 9, 1978, and the defendant, an Ohio corporation, was served, in Ohio, on June 19, 1978.

The date of the injury (by plaintiff's own admission in this court and in the trial court) was *June 7, 1976* (not June 11, 1976, as alleged in the complaint), and more than two years had elapsed prior to the filing of the plaintiff's complaint.[1] Therefore, the trial court granted the defendant's motion for summary judgment, based on the statute of limitations, ORS 12.110(1).

*Whittington v. Davis,* 221 Or 209, 350 P2d 913 (1960), held that the two-year statute of limitations, ORS 12.110(1), was not tolled under ORS 12.150[2] as to a motorist who "had either secreted herself within this state or had absented herself therefrom" (221 Or at 210), if service could have been made under ORS 15.190.[3] This case involves a nonresident corporation

---

[1] Plaintiff is not entitled to an additional 60 days under ORS 12.020(2) because the complaint was not filed within two years from the date of the injury.

[2] ORS 12.150:

"If, when a cause of action accrues against any person, he is out of the state and service cannot be made within the state or he is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after his return into the state, or after the termination of his concealment; and if, after a cause of action has accrued against a person, he shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

[3] ORS 15.190 then provided that the Secretary of State was an agent for purposes of serving any motorist as to any claim arising from an accident or collision while using an Oregon highway.

transacting business within the state of Oregon, and the issue is whether its amenability to service under ORS 57.700(2)(b)[4] prevents the tolling of the statute of limitations under ORS 12.150.

Plaintiff seeks to avoid the bar of the two-year statute of limitations. He reasons:

1.  The defendant was a foreign corporation, having no resident agent in the state;

2.  ORS 12.150 tolls the statute of limitations as to any person who is a nonresident or who is secreted within the state where "service cannot be made within the state * * *.";

3.  Therefore (quoting plaintiff's brief), "* * * the Defendant was out of the state and service could not have been made within the state within the meaning of ORS 12.150 and therefore the statute of limitations contained in ORS 12.110 is unavailable to it."

However, the plaintiff alleged (and the defendant's answer admitted) that "the defendant * * * was and now is a corporation organized and existing under * * * the laws of * * * Ohio *and transacting business in the State of Oregon * * *.*" (Emphasis added.) Therefore, service could have been made at any time under ORS 57.700(2)(b).

The facts are uncontroverted that the defendant could have been served under ORS 57.700(2)(b) at all times following the date of the plaintiff's injury. We

---

[4] ORS 57.700(2)(b):

"(2) The Corporation Commissioner shall be an agent of a foreign corporation upon whom any process, notice or demand may be served, if:

"* * * * *.

"(b) The corporation is transacting business in this state without being authorized as provided in this chapter.

"* * * * *."

believe that the policy considerations stated in *Whittington v. Davis, supra,* compel the same result,[5] and we find that the trial court properly allowed the defendant's motion for summary judgment.

We need not and do not express any opinion whether the same result would obtain because of ORS 14.035, our long-arm statute.

Affirmed.

---

[5] Beyond the reasons set forth in *Whittington v. Davis,* 221 Or 209, 212-213, 350 P2d 913 (1960), the legislative intent is also clear. In 1973, ORS 12.150 was amended to provide that the statute will toll if a person is outside the state *"and service cannot be made within the state."* The addition of this language indicates legislative approval of the *Whittington* rule. Oregon Laws 1973, ch 206.

*Compare Hamilton v. North Pac. S. S. Co.,* 84 Or 71, 77-80, 164 P 579 (1917).