813 F.2d 272
 3 UCC Rep.Serv.2d 1415, 3 UCC Rep.Serv.2d 627
 BANCORP LEASING AND FINANCIAL CORP., and Aircraft At Your
Call, Inc., Plaintiffs-Appellants,
v.
AGUSTA AVIATION CORPORATION, Agusta S.P.A. and Construzione
Aeronautiche Giovanni Agusta, S.P.A., Defendants-Appellees.
 No. 85-4286.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1987.
Decided March 25, 1987.
As Amended on Denial of Rehearing May 11, 1987.
 
 James N. Westwood, Steven O. Rosen, Portland, Or., for plaintiffs-appellants.
 Jonathan M. Hoffman, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN and THOMPSON, Circuit Judges, and INGRAM,* District Judge.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 * FACTS AND PROCEEDINGS
 
 
 2
 In 1982, Aircraft At Your Call, Inc. ("Aircraft") purchased an Agusta A109II helicopter from the Agusta Aviation Corporation ("Agusta USA"). The helicopter had been designed and manufactured in Italy by Agusta S.P.A. and Costruzione Aeronautiche Giovanni Agusta, S.P.A. (jointly hereafter referred to as "Agusta Italy"). Aircraft sold the purchase rights to Bancorp Leasing and Financial Corp. ("Bancorp"), which leased the helicopter back to Aircraft.
 
 
 3
 On March 16, 1983, the helicopter was damaged when its landing gear collapsed, allegedly due to a design defect. The accident happened in Oregon. On March 14, 1985, Bancorp and Aircraft filed a complaint in the United States District Court in Oregon seeking money damages in excess of $250,000 for property damage to the helicopter.[1] "The complaint contained claims based upon strict liability, negligence and breach of warranty." Agusta USA and Agusta Italy moved to dismiss the complaint. They contended that the plaintiffs had failed to comply with Oregon's two-year product liability statute of limitations. Or.Rev.Stat. Sec. 30.905 (1985). The complaint had been filed within two years of the date the helicopter was damaged, but the summons had not been served within sixty days from the date the complaint was filed.[2] Agusta Italy was served with summons and complaint on June 2 and June 7, 1985. Agusta USA was served with summons and complaint on July 9, 1985.
 
 
 4
 Notwithstanding what appeared to be the expiration of the applicable statute of limitations, Bancorp and Aircraft argued that the statute should be tolled because none of the defendants was present in Oregon at the time of, or after, the accident. Bancorp and Aircraft also contended that the limitation period should not be the two-year period applicable to a products liability claim, but the four-year period applicable to a breach of warranty claim.
 
 
 5
 The district court granted the motion to dismiss. It concluded that (1) the statute of limitations had not been tolled, and (2) the claims of Bancorp and Aircraft were product liability claims, even though Bancorp and Aircraft pleaded one cause of action as a breach of warranty claim, and were governed by the two-year products liability statute of limitations. Judgment was entered dismissing the action. Bancorp and Aircraft appeal. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 II
 STANDARD OF REVIEW
 
 6
 We review de novo the district court's interpretation of state law. In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc); see Port of Portland v. Water Quality Ins. Syndicate, 796 F.2d 1188, 1195 (9th Cir.1986). In a federal diversity action brought under state law, the state statute of limitations controls. Walker v. Armco Steel Corp., 446 U.S. 740, 751-53, 100 S.Ct. 1978, 1985-86, 64 L.Ed.2d 659 (1980); see Alberding v. Brunzell, 601 F.2d 474, 476 (9th Cir.1979) (statute of limitations procedural matter governed by law of forum). Because our jurisdiction in this case rests on diversity of citizenship, we must decide the issues presented as though we were an Oregon court. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).
 
 III
 ANALYSIS
 A. The Tolling Statute
 
 7
 Bancorp and Aircraft argue that the statute of limitations was tolled by Or.Rev.Stat. Sec. 12.150, which provides in pertinent part: "If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state ... such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state...." Agusta USA and Agusta Italy maintain they were amenable to service at all times, and thus the tolling provisions do not apply. All parties agree that Agusta USA and Agusta Italy were amenable to service of process by mail for purposes of long-arm jurisdiction.[3]
 
 
 8
 Although no Oregon court has considered whether the tolling statute should apply when a foreign corporation is amenable to service under the long-arm statute, a majority of jurisdictions addressing this issue in similar circumstances have refused to apply tolling provisions. See, e.g., Schmidt v. Polish People's Republic, 742 F.2d 67, 71 (2nd Cir.1984) (N.Y. law); Industrial Consultants, Inc. v. H.S. Equities, Inc., 646 F.2d 746, 748 (2d Cir.) (Okla. law), cert. denied, 454 U.S. 838, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981); Leggett v. Strickland, 640 F.2d 774, 776 (5th Cir.1981) (Ga. law as applied to individual defendant); Seely v. Illinois-California Exp., Inc., 541 F.Supp. 1307, 1310-11 (D.Nev.1982); Bobbitt v. Tannewitz, 538 F.Supp. 654, 657-58 (M.D.N.C.1982); Fullmer v. Sloan's Sporting Goods Co., Inc., 277 F.Supp. 995, 998 (S.D.N.Y.1967); Selby v. Karman, 110 Ariz. 522, 521 P.2d 609, 611 (1974); Engle Bros., Inc. v. Superior Court, 23 Ariz.App. 406, 533 P.2d 714, 716-17 (1975) (per curiam); Lipe v. Javelin Tire Co., Inc., 96 Id. 723, 536 P.2d 291, 293-94 (1975), after remand, 97 Id. 805, 554 P.2d 1302 (1976); Gulf Nat'l Bank v. King, 362 So.2d 1253, 1254 (Miss.1978); Frazier v. Castellani, 130 Mich.App. 9, 342 N.W.2d 623, 625-26 (1983) (individual defendant); Beedie v. Shelley, 187 Mont. 556, 610 P.2d 713, 715 (Mont.1980) (individual defendant); Benally v. Pigman, 78 N.M. 189, 429 P.2d 648, 651 (N.M.1967) (individual defendant); Yarusso v. Arbotowicz, 41 N.Y.2d 516, 393 N.Y.S.2d 968, 362 N.E.2d 600, 602 (1977) (individual defendant); Burris v. Alexander Manufacturing Co., 51 Misc.2d 543, 273 N.Y.S.2d 542, 544 (1966) (Tenn. law); Russell v. Balcom Chemicals, Inc., 328 N.W.2d 476, 479 (S.D.1983); Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189, 191 (1947) (individual defendant); Summerrise v. Stephens, 75 Wash.2d 808, 454 P.2d 224, 228 (1969) (individual defendant). See generally Annot., 55 A.L.R.3d 1158, 1208-09 (1974). But see, e.g., Jatco, Inc. v. Charter Air Center, Inc., 527 F.Supp. 314, 321 (S.D.Ohio 1981); Polling v. Moitra, 717 S.W.2d 520, 522 (Mo.1986) (individual defendant); Walsvik v. Brandel, 298 N.W.2d 375, 376-77 (N.D.1980) (individual defendant); Vaughn v. Deitz, 430 S.W.2d 487, 490 (Tex.1968). We believe that the Oregon Supreme Court would follow the majority rule. We conclude that the Oregon statute of limitations is not tolled when a foreign corporation could have been served under the long-arm statute.
 
 
 9
 Our conclusion is consistent with Oregon decisions interpreting the tolling statute, and is consistent with the intent of the Oregon legislature expressed in a framework of statutes in which out-of-state defendants are amenable to service of process and no tolling of the limitations period is provided.[4] In Whittington v. Davis, 221 Or. 209, 350 P.2d 913 (1960), the Oregon Supreme Court refused to apply the tolling statute where the defendant motorist, who was out-of-state during the limitations period, was amenable to substituted service on the Secretary of State. The court stated that the "availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply this tolling statute at all." Id. at 915.
 
 
 10
 In 1973, the Oregon legislature amended Or.Rev.Stat. Sec. 12.150 to codify the policy expressed in Whittington. See Santos v. Flxible Co., 41 Or.App. 89, 597 P.2d 373, 374 n. 5 (1979). This statute, as amended, suspends the running of the statute of limitations if the defendant is outside the state and "service cannot be made within the state." Or.Rev.Stat. Sec. 12.150. This Oregon tolling statute is intended to protect a plaintiff from the statute of limitations running on his claim while he is unable to locate the defendant or compel the defendant to appear and defend the claim in Oregon. Here, Bancorp and Aircraft do not contend they were unable to locate and serve Agusta USA or Agusta Italy. Service by mail could have been effected at any time within the limitations period.
 
 
 11
 The legislative history of Or.Rev.Stat. Sec. 12.150 is of little help in determining whether the legislature intended the statute of limitations to toll when the defendant is amenable to service under the long-arm statute. Although the minutes of the Senate Committee on the Judiciary indicate that the amendment's purpose was, in part, "to deal with long-arm statutes," these minutes also incorporate as an exhibit a letter from members of the State Bar Committee on Procedures and Practice opining that the amendment "would prevent the statute of limitations running when the defendant is not within the state but could be served outside the state under the long-arm statute." (emphasis added). See Oregon Senate Committee on the Judiciary, Minutes of March 7, 1973, at 2. We do not accept the letter as expressing legislative intent. See Vance v. Hegstrom, 793 F.2d 1018, 1025 (9th Cir.1986) (staff reports do not reflect legislative intent).
 
 
 12
 Sound policy reasons also support our conclusion that the statute of limitations is not tolled in this case. When a foreign corporation is amenable to service from the time the cause of action accrues, a plaintiff has the entire limitations period to file suit and effect service of process. To invoke a tolling provision in these circumstances would permit a plaintiff to postpone serving process indefinitely; a plaintiff "could await a propitious time when witnesses or parties were unavailable and thereby effectively deprive a defendant of any defense the defendant may have." Whittington, 350 P.2d at 915. Following such a manufactured delay, witnesses' memories may fade, evidence may be lost or destroyed, and interest may accumulate to excessive amounts. See, Order of R.R. Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944); Note, "Tolled Statute of Limitations v. Long-Arm Statute Amenability," 12 Wake Forest L.Rev., 1041, 1053 (1976). Moreover, one of the primary considerations underlying statutes of limitations is fairness to the defendant. See, "Developments in the Law--Statutes of Limitations," 63 Harv.L.Rev. 1177, 1185 (1950). To toll the statute where a defendant is amenable to service would subvert the defendant's right to a speedy adjudication of claims.[5]
 
 B. The Breach of Warranty Claim
 
 13
 We reject Bancorp's argument that the breach of warranty claim is governed by the four-year statute of limitations provided by Or.Rev.Stat. Sec. 72.7250(1) (1985). In Philpott v. A.H. Robins Company, Inc., 710 F.2d 1422 (9th Cir.1983), we held that the Oregon products liability statute of limitations barred an untimely lawsuit alleging as theories of recovery negligence, strict liability, breach of warranty, fraudulent misrepresentations, and wanton and willful misconduct. See Russell v. Ford Motor Co., 281 Or. 587, 575 P.2d 1383, 1387 (1978); Marinelli v. Ford Motor Co., 72 Or.App. 268, 696 P.2d 1, rev. denied, 299 Or. 251, 701 P.2d 784 (1985). There, we approved the district court's determination that the Oregon legislature intended to include all products-related claims within the breadth of the products liability statute. 710 F.2d at 1425. Or.Rev.Stat. Sec. 30.900 provides: (a) " 'Product liability civil action' means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:
 
 
 14
 (1) Any design, inspection, testing, manufacturing or other defect in a product...." (emphasis added).
 
 
 15
 The claims which Bancorp and Aircraft pleaded as strict liability, negligence and breach of warranty claims were all claims for property damage arising out of a "design, inspection, testing, manufacturing or other defect in a product" (the helicopter). As in Philpott, these claims are all product related claims.
 
 
 16
 We conclude this action is governed by the two-year statute of limitations prescribed by Or.Rev.Stat. Sec. 30.905(2) for a products liability civil action. We recognize that the United States Supreme Court, sitting in admiralty, has stated most persuasively that a cause of action for breach of warranty, not a products liability claim, lies for damage to a defective product, unless damage is caused to persons or property other than the product itself. East River Steamship Corp. v. Transamerica Delaval, Inc., ---U.S.---, 106 S.Ct. 2295, 2300-04, 90 L.Ed.2d 865 (1986). However, the case now before us is a diversity action and we are required to apply Oregon law as it presently exists. Under that law, a claim remains a products liability claim even though the only property damage for which the claim is made is damage to the product itself. Russell, 281 Or. 587, 575 P.2d 1384-87. We must, therefore, characterize Bancorp's and Aircraft's action as a "product liability civil action" under Oregon law, and apply the two-year statute of limitations.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Aircraft and Bancorp are Oregon corporations with their principal places of business in Oregon. Agusta USA is a Pennsylvania corporation with its principal places of business in Pennsylvania. Agusta S.P.A. and Costruzione Aeronautiche Giovanni Agusta, S.P.A. are Italian corporations with their principal places of business in Italy; they are not registered to do business in Oregon
 
 
 [2]
 Or.Rev.Stat. Sec. 12.020 (1985) provides:
 (1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant ...
 (2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed. (emphasis added).
 
 
 [3]
 See Or.R.Civ.P. 4D, 4L, and 7D(3)(b)(ii). Agusta USA and Agusta Italy were eventually served by mail pursuant to Oregon's long-arm jurisdiction statute and Fed.R.Civ.P. 4(i)(1)(D)
 
 
 [4]
 See, e.g., Or.Rev.Stat. Sec. 57.700 (substitute service on foreign corporation); Or.Rev.Stat. Sec. 746.320 (substitute service on foreign or alien insurer); Or.Rev.Stat. Sec. 767.495 (service of process on foreign motor carriers)
 
 
 [5]
 Although our reasoning diverges from that of the district court, we note that we may affirm on any ground finding support in the record. Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986). The district court concluded that Agusta USA and Agusta Italy could have been served pursuant to Or.Rev.Stat. Sec. 57.700, which provides in pertinent part: "The Corporation Commissioner shall be an agent of a foreign corporation upon whom any process, notice or demand may be served, if ... (b) The corporation is transacting business in this state without being authorized as provided in this chapter." See Santos v. Flxible Co., 41 Or.App. 89, 597 P.2d 373, 374 (1979). However, as Bancorp and Aircraft point out, Agusta USA and Agusta Italy may not have been "transacting business" so as to be amenable to service under section 57.700. To buttress this assertion, Bancorp and Aircrafat rely on Or.Rev.Stat. Sec. 57.655, which includes the following language:
 Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:
 * * *
 (i) Transacting any business in interstate commerce.
 (j) Conducting an isolated transaction completed within a period of 30 days and not in the course of a number of repeated transactions of like nature.
 We do not decide whether the Agusta USA and/or Agusta Italy were "transacting business" for the purposes of section 57.700 because we hold that the statute of limitations is not tolled by a foreign corporation's absence if the foreign corporation could have been served with process under the state long-arm statute. Cf. Fields v. Peyer, 75 Wis.2d 644, 250 N.W.2d 311, 318-19 (1977) (draws distinction between "doing business" for jurisdictional purposes and "transacting business" for substituted service).