Argued and submitted November 21, 1988, affirmed February 8, 1989

SAVAGE,
*Appellant,*

*v.*

KRAMER,
aka Cohen,
*Respondent.*

(86-CV-141; CA A47845)

768 P2d 425

Gary Roberts, Portland, argued the cause for appellant. With him on the briefs was Schwabe, Williamson & Wyatt, Portland.

Lynn M. Hansen, Las Vegas, Nevada, argued the cause for respondent. With her on the brief were Jimmerson & Davis, P.C., Las Vegas, Nevada, and Richard K. Lane, Grants Pass.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals the trial court's granting of a summary judgment. The only issue in this case is whether the Statute of Limitations of Oregon or of Nevada is the proper law to apply. The trial court applied the Nevada statute. We affirm.

Plaintiff is the personal representative of the estate of Ben Kramer. Defendant was Kramer's wife. Kramer died in 1982 in Nevada, when both plaintiff and defendant were living in Nevada. Defendant moved to Oregon in 1983. In 1986, plaintiff filed a complaint in Oregon for conversion, money had and received, replevin and "undue influence and breach of fiduciary duty," based on acts of defendant in 1982. Plaintiff admits that she had knowledge of all of the facts by November, 1982, so all causes of action had accrued by that time.

Under Nevada law, all of plaintiff's claims are subject to a three-year limitation. Nev Rev Stat § 11.190(3). Plaintiff acknowledges that the Nevada Statute of Limitations ran before she brought the claims in Oregon in June, 1986. Oregon has a six-year Statute of Limitations for the taking of personal property. ORS 12.080(4). Plaintiff argues that defendant's Oregon residency allows the court to apply the Oregon statute.

In most cases, the Statute of Limitations of the forum state applies. However, states have "borrowing statutes." The Oregon statute in effect when the complaint was filed provided:

> "When the cause of action has arisen in another state, territory or country, between nonresidents of this state and by the laws of the state, territory or country where the cause of action arose, an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state." ORS 12.260[1]

Whether the borrowing statute is applicable depends on whether the parties were nonresidents at the relevant time. The trial court held that ORS 12.260 applies, because both parties were nonresidents of Oregon when the causes of action arose and no action could be maintained in Nevada in June,

---

[1] ORS 12.260 was repealed in 1987 and replaced by the Uniform Conflict of Laws-Limitations Act, ORS 12.410 to ORS 12.480.

1986, because of the lapse of time. Plaintiff argues that the borrowing statute does not apply if either party is an Oregon resident when the complaint is filed. Defendant was an Oregon resident at that time.

The plain language of the statute links the nonresidency status to when the "cause of action has arisen * * * between nonresidents * * *." *See Hamilton v. North Pac. S.S. Co.,* 84 Or 71, 75, 164 P 579 (1917); *Conner v. Spencer,* 304 F2d 485 (9th Cir 1962). Both parties were nonresidents of Oregon when the claims could first have been made in November, 1982.

Affirmed.