Argued and submitted March 3, affirmed October 11, reconsideration denied
December 8, petition for review denied December 28, 1989 (308 Or 660)

## GARY M. BUFORD AND ASSOCIATES, INC.,
*Respondent,*

*v.*

## GUILLORY,
*Appellant.*

### (85-5-77; CA A48925)

780 P2d 783

Stanley D. Gish, Portland, argued the cause and filed the brief for appellant.

Robert J. Mulvihill, Portland, argued the cause for respondent. With him on the brief was Schouboe, Marvin & Furniss, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals from a summary judgment for plaintiff in an action on two promissory notes.[1] The issue is whether the applicable Statute of Limitations was tolled under ORS 12.150 by defendant's absence from the state. We affirm.

Defendant executed the installment notes payable to plaintiff in May and December, 1979. Defendant made no payments on the December note and only partial payments on the May note. The last payment on the May note was made in November, 1980. Defendant moved to California in September, 1984, and has not lived in Oregon since then. In May, 1985, plaintiff filed a complaint seeking recovery of the amounts due on the notes. Plaintiff attempted to locate defendant, but was unable to do so. In August, 1985, he filed a motion for service by publication. The motion was denied due to insufficiency of the supporting affidavit. Defendant was located and personally served in January, 1987, in Palm Desert, California.

The limitation for claims on the notes is six years. ORS 12.080(1). Accordingly, the limitation period for bringing an action on the May, 1979, note expired in November, 1986, six years after the date of accrual on the claim for the last installment. ORS 12.240. The limitation period on the December, 1979, note expired in December, 1986, six years after the date of accrual on the claim for the final installment. Unless those limitation periods were tolled, service on defendant in January, 1987, was untimely.

Plaintiff contends that the Statute of Limitations did not run on the claims on the notes, because it was tolled pursuant to ORS 12.150, when defendant left the state in 1984. ORS 12.150 provides:

"If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state or the person is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state, or

---

[1] Guillory, All State Development Co. and R & B Properties, Inc., were all originally defendants in this case. The trial court found for plaintiff on the first count against All State and dismissed the claims against R & B. Only Guillory appeals.

after the termination of the concealment of the person; *and if, after a cause of action has accrued against a person, the person shall depart from and reside out of this state,* or if the person is concealed therein, the time of the absence or concealment of the person shall not be deemed or taken. as any part of the time limited for the commencement of such action." (Emphasis added.)

As the trial court found, defendant "departed from and resided out of the State" since September, 1984. Accordingly, we hold that the plain language of ORS 12.150 applies, and the Statute of Limitations was tolled when he left the state. Defendant argues that the tolling statute does not apply here, because alternative methods of service, specifically mailing and publication, were available. However, ORS 12.150 does not provide such an exception to tolling when a defendant leaves the state after a claim has accrued. The cases relied upon by defendant, *Wittington v. Davis,* 221 Or 209, 350 P2d 913 (1960), *Santos v. The Flxible Co., Inc.,* 41 Or App 89, 597 P2d 373 (1979), and *Bancorp Leasing & Finance Corp. v. Agusta Aviation,* 813 F2d 272 (9th Cir 1987), are not in point, because none of them involved a situation where a resident defendant left the state after a claim accrued. We hold that the Statute of Limitation on plaintiff's claims was tolled in September, 1984, when defendant left the state, that service on defendant in January, 1987, was timely, and that the trial court properly granted summary judgment.

Affirmed.