Argued and submitted May 23, affirmed December 3, 1997

Maria T. WRIGHT
and Cynthia L. Reichle,
*Appellants,*

*v.*

Matthew Wade OSBORNE,
aka Doink the Clown,
*Respondent.*

(9508-05734; CA A94398)

949 P2d 321

Thomas A. Bittner argued the cause for appellants. With him on the briefs was Schulte, Anderson, Downes, Carter & Aronson, P.C.

Thomas W. Brown argued the cause for respondent. With him on the brief were Wendy M. Margolis and Cosgrave, Vergeer & Kester, L.L.P.

Before Deits, Chief Judge, and Warren and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

Plaintiffs appeal from the judgment for defendant in this action arising out of a motor vehicle accident. They assign error to the trial court's granting of defendant's motion to dismiss on the ground that plaintiffs did not perfect service on defendant personally or on the Motor Vehicles Division (MVD) within the two-year limitation period of ORS 12.110(1). We affirm.

Plaintiffs agree that they did not accomplish service within the limitation period. They alleged, however, that defendant was absent "from the state during the period following the accident." Plaintiffs contend that the statute of limitations was therefore tolled under ORS 12.150, which provides that limitation periods do not run, *inter alia*, while the defendant "is out of the state and service cannot be made within the state or the [defendant] is concealed therein."

In *Whittington v. Davis*, 221 Or 209, 350 P2d 913 (1960), the Supreme Court held that ORS 12.150 does not apply to cases involving motor vehicles, in which service could be made pursuant to *former* ORS 15.190 on the Director of Motor Vehicles as the "lawful attorney" of the defendant. The opinion in *Whittington* contains a mix of linguistic and policy rationales for its interpretation of the statutes. However, its central point appears to be that, notwithstanding the difficulties that a plaintiff might have in accomplishing *personal* service upon an absent or concealed defendant:

> "The availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply the tolling statute at all." *Id.* at 212.

Because that right existed in the form of substituted service on MVD, the court concluded that ORS 12.150 was inapplicable in situations where ORS 15.190 applied.

ORS 12.150 has been amended once since the court construed it in *Whittington*. Or Laws 1973, ch 206, § 1. In *Santos v. The Flxible Co., Inc.*, 41 Or App 89, 93 n 5, 597 P2d

373 (1979), we described that amendment as signifying "legislative approval of the *Whittington* rule." We also followed the *Whittington* holding in *Santos*, in connection with an action against a foreign corporation for which the Corporation Commissioner was the constructive "agent" for purposes of service. We based our conclusion that ORS 12.150 was inapplicable on the theory "that the policy considerations stated in *Whittington v. Davis, supra*, compel the same result" as the one that the court reached in that case. *Id.* at 93[1] (footnote omitted).

ORS 15.190 was repealed by Oregon Laws 1979, chapter 784, section 199, contemporaneously with the adoption of the Oregon Rules of Civil Procedure. It was replaced by ORCP 7 D(4), which also provides, in general terms, that service in actions arising out of a vehicular accident may ultimately be accomplished through MVD.[2]

Plaintiffs argue that, although the repealed statute and the present rule are similar, there are two differences that plaintiffs regard as "major." They assert:

"First, MVD is no longer deemed an attorney-in-fact to accept service. Secondly, where ORS 15.190 permitted MVD service without exhausting other service methods first, ORCP 7D(4)(a)(i) permits MVD service only where the defendant 'cannot be served with summons by any method specified in subsection D(3) of this rule.' Because a plaintiff

---

[1] In *Gary M. Buford and Associates, Inc. v. Guillory*, 98 Or App 691, 780 P2d 783, *rev den* 308 Or 660 (1989), we held that ORS 12.150 operated to toll the statute of limitations in an action on two promissory notes, when the defendant had left the state after the right of action accrued. We rejected the defendant's argument that, because "alternative methods of service, specifically mailing and publication, were available," ORS 12.150 did not apply. *Id.* at 694. We also said that *Whittington* and *Santos* were not on point, because those cases did not involve a "situation where a resident defendant left the state after a claim accrued." *Guillory*, 98 Or App at 694. Our conclusion was correct, but our explanation was not. The reason why *Whittington* and *Santos* did not assist the defendant in *Guillory* is that service upon MVD and the Corporation Commissioner, respectively, is effective under the circumstances where applicable statutes or rules permit them, regardless of and notwithstanding the defendant's whereabouts. Under the statutes that permit that substituted service, it is sufficient *instead* of personal service. Conversely, the general mailing and publication methods on which the defendant relied in *Guillory* are simply alternative (and less satisfactory) methods of constructively serving the *defendant himself*.

[2] The rule refers to the Department of Transportation. For purposes of this opinion, we will continue to refer to the relevant agency as MVD.

no longer has a statutorily designated agent available for service and must exhaust other service methods before relying on MVD service, *Whittington* no longer makes sense."

Plaintiffs argue further that, "[u]nder the present MVD service rules," unlike *former* ORS 15.190, "MVD service does not exist as a matter of right. It is only one permissible method of service, and even then, such service never results in presumptively valid service," but depends for its sufficiency on an affirmative showing that the plaintiff unsuccessfully attempted direct or personal service on the defendant before employing the substituted method.

Accepting for discussion's sake all of plaintiffs' assertions about the differences between *former* ORS 15.190 and ORCP 7 D(4), *see Mitchem v. Rice*, 142 Or App 214, 920 P2d 1121, *on recons* 143 Or App 546, 923 P2d 1347, *rev den* 324 Or 394 (1996), we conclude that the two provisions are similar in the critical respect on which the *Whittington* decision turned: *ultimately*, regardless of where the defendant might be or how successfully the defendant may have obscured his whereabouts, ORCP 7 D(4) gives the plaintiff the same ability as ORS 15.190 did "to compel the attendance of the defendant or to obtain and enforce a valid judgment against him," by consummating service on the state agency. We do not agree with plaintiffs that *Whittington* makes any less sense with regard to the current service rules than the ones that existed at the time that it was decided. The differences between the two are in the details; *Whittington* provides a principle that applies as logically to the overriding effect of ORCP 7 D(4) as to *former* ORS 15.190, notwithstanding the ways in which they differ.

Plaintiffs also argue that, even assuming that the repeal of ORS 15.190 and the adoption of ORCP 7 D(4) do not affect the viability of *Whittington*, the case is no longer "good law" by its own terms. Plaintiffs note that *Whittington* was decided before *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). They assert that, if the same issue were presented today, the current Supreme Court would not interpret ORS 12.150 in the same way under the *PGE* methodology that it now uses. *But see Kilminster v. Day*

*Management Corp.*, 323 Or 618, 629, 919 P2d 474 (1996) (under *PGE* methodology, Supreme Court's interpretation of a statute is deemed to be part of the statute). From the standpoint of *this* court, that argument presents very little for us to decide. Until the Supreme Court overrules *Whittington*, specifically or as part of some larger category of cases, it remains binding on us with respect to questions of the kind presented here.

Plaintiffs also argue, at least implicitly, that *Whittington* was incorrect at the time it was decided and is contrary to the plain import of the statutes that it interpreted. Again, however, the precedential status of *Whittington* is a question for the Supreme Court.

The trial court did not err by dismissing the action as time-barred.

Affirmed.