Paul HERZBERG,
*Appellant,*

*v.*

MOSELEY AVIATION, INC.,
an Arizona corporation,
*Defendant,*

*and*

PYRAMID OIL CO.,
*Respondent.*

(96C-12278; CA A98874)

964 P2d 1137

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C.

James N. Westwood argued the cause for respondent. With him on the brief were William F. Buchanan and Miller, Nash, Wiener, Hager & Carlsen LLP.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Landau, Judge.

DEITS, C. J.

## DEITS, C. J.

Plaintiff brought this action for strict products liability and negligence to recover damages for injuries that he sustained in a helicopter accident on July 19, 1994. In his original complaint, he named only Moseley Aviation, Inc., as the defendant. However, in an amended complaint filed on July 19, 1996, he added Pyramid Oil Co. (Pyramid) as a defendant. Pyramid is a foreign partnership, which is not and has never been registered to do business in Oregon. Further, none of the partners of Pyramid was in the state at the time of the accident or thereafter. Plaintiff effected service by mail on Pyramid at an out-of-state address, but not until December 2, 1996. That was more than 60 days after plaintiff filed the complaint naming Pyramid as a defendant and also was after the two-year limitation period applicable to plaintiff's claims had run. *See* ORS 12.020(2). Pyramid moved for summary judgment, contending that the action against it is time-barred. The trial court granted the motion and entered a final judgment for Pyramid pursuant to ORCP 67 B. Plaintiff appeals, and we reverse.

Plaintiff advances a number of theories as to why the trial court's ruling was erroneous. The only one that we need to reach is that the running of the statute was tolled under ORS 12.150. That statute provides:

"If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state or the person is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state, or after the termination of the concealment of the person; and if, after a cause of action has accrued against a person, the person shall depart from and reside out of this state, or if the person is concealed therein, the time of the absence or concealment of the person shall not be deemed or taken as any part of the time limited for the commencement of such action."

Plaintiff contends that Pyramid was out of state and could not be served in the state, within the meaning of ORS 12.150, because personal service on a partner, authorized agent or other person specified in ORCP 7 D(3)(e) or ORCP 7

D(3)(b)(i) could not be made in the state. Pyramid responds that plaintiff consummated service through the alternative of service by mail under ORCP 7 D(3)(b)(ii) and that service by that method should make the tolling effect of ORS 12.150 inapplicable to the same extent that direct personal service within the state would.

We recently construed ORS 12.150 in *Wright v. Osborne*, 151 Or App 466, 949 P2d 321 (1997), *rev den* 327 Or 448 (1998). In that decision, we reiterated the holdings of earlier cases that limitation periods are not tolled under ORS 12.150 where service within the state can be achieved by substitution, *e.g.*, on the Motor Vehicles Division (MVD) in the case of absent motorists, or on the Corporation Commissioner (and successor officials) in the case of registered foreign corporations. We also explained in a footnote in that decision why the availability of service of those kinds overcame the tolling operation of ORS 12.150, while the ability to serve an absent defendant by mail or publication did not:

> "[S]ervice upon MVD and the Corporation Commissioner, respectively, is effective under the circumstances where applicable statutes or rules permit them, regardless of and notwithstanding the defendant's whereabouts. Under the statutes that permit that substituted service, it is sufficient *instead* of personal service. Conversely, the general mailing and publication methods * * * are simply alternative (and less satisfactory) methods of constructively serving the *defendant himself.*" *Id.* at 469 n 1 (emphasis in original).

Pyramid argues that the footnote in *Wright* was *dictum* and that it is too broad, at least insofar as it indicates that possible service by mail is any less adequate than the ability to make substituted service of the specified kinds to negate the tolling effect of ORS 12.150. Plaintiff, on the other hand, urges a literal reading and application of our statement in *Wright*. Plaintiff reads our statement to mean that the statute of limitations is tolled as to a defendant who is absent from the state and can be served only by mail or other indirect means.

We agree with plaintiff's understanding of our statement in *Wright*, and we adhere to the statement.[1] Unlike

---

[1] The word "constructively," as we used it in the footnote, is not correct. It is also irrelevant to the substance of what the footnote says.

substituted service of the kinds discussed in *Wright* and the cases it cites, and unlike service on registered agents, service by mail is not necessarily—and in this case was not in fact—capable of being consummated within the state. As plaintiff points out, Pyramid reads the phrase "within the state" out of the statute, and its argument would effectively make ORS 12.150 inoperable in the case of any defendant who could be served anywhere and by any means. Because that would include all defendants over whom the Oregon courts *could* obtain personal jurisdiction, ORS 12.150 would not apply to any defendant, under Pyramid's theory, and the statute would be rendered a nullity.

The underlying problem with Pyramid's argument is that it appears to understand ORS 12.150 as being chiefly concerned with service, and as providing the tolling remedy only in instances where effective service cannot be achieved. However, the argument is contrary to the language of ORS 12.150, which makes the possibility of service *within the state*, not service in general, the pertinent inquiry. Moreover, Pyramid's argument turns the statute on its head: The objective of the statute is not to assure that service can be effected, but to assure that a plaintiff's ability to bring a timely action is not defeated or frustrated by the inaccessibility of the defendant. Given that purpose of the statute, it was well within the legislature's province to treat some methods and means of service as more compatible than others with a plaintiff's ability to commence an action within the applicable limitation period and without the benefit of the suspension of the period for which ORS 12.150 provides.[2] That, of course, is what the legislature did. By its terms, ORS 12.150 makes only service that can be made "within the state" the relevant contingency, and Pyramid was not and could not be served within the state.

At oral argument, Pyramid also argued that ORS 12.150 is inconsistent with later-enacted legislation and

---

[2] Even before the provision relating to service was added to ORS 12.150 by Oregon Laws 1973, chapter 206, section 1, the Supreme Court had construed predecessor versions of the statute as not applying to foreign corporations that had registered agents in the state who were amenable to direct personal service. *Hamilton v. North Pac. S. S. Co.*, 84 Or 71, 77-78, 164 P 579 (1917); *Burns v. White Swan Mining Co.*, 35 Or 305, 308-09, 57 P 637 (1899).

should not be given effect insofar as it differs from the later provisions. It appears that, in the main, the recently enacted provisions on which Pyramid relies are those pertaining to service in ORCP 7. However, it follows from what we have said above that there is no inconsistency between ORS 12.150 and anything in ORCP 7. Insofar as there is overlap in the operation of the two provisions, they are entirely harmonious. ORS 12.150 does not regulate service, but simply differentiates for purposes of its own tolling operation between the types of service methods that a plaintiff does or can pursue pursuant to ORCP 7. We find no merit in Pyramid's arguments that ORS 12.150 is inconsistent with or has been modified or displaced by later legislation.[3]

We conclude that ORS 12.150 tolled the running of the statute of limitations until after plaintiff commenced his action against Pyramid. Accordingly, we hold that the trial court erred by granting the summary judgment and by holding that the action is time-barred.

Reversed and remanded.

---

[3] In *Wright,* we also rejected arguments to the effect that ORS 12.150, or related statutes and cases, had been superseded and displaced by later legislative enactments.